Opinion filed September 10, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September
10, 2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00121-CR

                                                    __________

 

                           KEITH BERNARD VANDERBILT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16232B

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Keith Bernard Vanderbilt of the first degree felony offense of
sexual assault and the second degree felony offense of attempted sexual
assault.  The trial court found an enhancement allegation charging appellant as
a repeat offender on each charge to be true and assessed his punishment for the
sexual assault conviction at confinement for life and for the attempted sexual
assault at twenty years confinement.  The trial court ordered that the
sentences run concurrently.  In his sole appellate issue, appellant contends
that he received ineffective assistance of counsel at trial because his counsel
denied him the right to testify on his own behalf.  We affirm.








A
criminal defendant has a constitutional right to testify on his own behalf.  Smith
v. State, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009) (citing Rock v.
Arkansas, 483 U.S. 44, 51-52 (1987)).  This right can be knowingly and
voluntarily waived only by the defendant, not by his counsel.  Id.
(citing Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997)).  The trial
court has no duty to inform a defendant represented by counsel of his right to
testify.  Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). 
Rather, Adefense
counsel shoulders the primary responsibility to inform the defendant of his
right to testify, including the fact that the ultimate decision belongs to the
defendant.@  Id. 
Because imparting that information is defense counsel=s responsibility, a claim by a defendant that
he was denied his right to testify is properly addressed under the Strickland[1]
framework for ineffective-assistance-of-counsel claims.  Smith, 286
S.W.3d at 341-42; Johnson, 169 S.W.3d at 235, 239. 

To
establish ineffective assistance of counsel, appellant must show that his
counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of
the trial would have been different.  Strickland, 466 U.S. at 690, 694; Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001).  Review of counsel=s representation is highly
deferential, and the reviewing court indulges a strong presumption that counsel=s conduct fell within a
wide range of reasonable representation.  Mallett, 65 S.W.3d at 63.  A
reviewing court will rarely be in a position on direct appeal to fairly
evaluate the merits of an ineffective-assistance claim.  Salinas, 163
S.W.3d at 740; Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App.
1999).  In the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.  Mallett,
65 S.W.3d at 63.  To overcome the presumption of reasonable professional
assistance, any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 814.








In
this cause, the record is silent as to whether appellant=s trial counsel informed appellant that he had
the right to testify and that the ultimate decision as to whether to testify
belonged to appellant.  After the punishment phase evidence was concluded, the
trial court asked appellant if there was anything that he wanted to say before
sentence was pronounced.  Appellant addressed the trial court.  In his brief,
appellant relies on the following statements that he made to the trial court
about his trial counsel:

He
told me I couldn=t
speak in court.  I wrote him a note and slid it to him.  He looked, and the
officer that brought me to the court looked. . . . He takes me in there and
tells me not B don=t even want me to say
nothing.  You know, he just wants me to stand here quiet just like I done the
whole trial.  I never said I didn=t
want to testify.  That was him.  He didn=t
want me to open my mouth at all to hear no side of what I had to say. I just
don=t see how that=s fair.

 

These statements
do not support appellant=s
contention that he received ineffective assistance of counsel.  First, the
statements do not indicate that appellant=s
counsel failed to advise him of his right to testify, that appellant ever told
his trial counsel that he wanted to testify, or that his trial counsel somehow
prevented him from testifying.  Second, the statements were not evidence. 
Appellant did not make the statements under oath.  He made them while
addressing the trial court at the punishment hearing.  

Appellant
did not raise his ineffective-assistance-of-counsel claim in a motion for new
trial; therefore, he did not present any evidence to the trial court in support
of his claim.  Because the record contains no evidence to support appellant=s claim, we cannot conclude
that appellant=s trial
counsel=s performance
was deficient.  See Salinas, 163 S.W.3d at 741 (A[A]ppellant=s
assertions in his brief on appeal, in the absence of anything in the trial
record, are insufficient to show that he asserted his right to testify and his
attorney failed to protect it.@). 
Appellant has not met the standards set out in Strickland.  Therefore,
we overrule appellant=s
sole issue.  

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE 

September 10,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.

 









[1]Strickland v. Washington, 466 U.S. 668 (1984).