NO. 07-12-00177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 16, 2012

_____

KELLY DON FARRAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,964-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Kelly Don Farrar pled guilty in 2011 to four counts of endangering a child and was sentenced to twenty-four months confinement and a $500 fine on each count, suspended for three years. On October 25, 2011, the State filed a motion to revoke appellant's probation. After a hearing, the court found appellant had violated his probation and sentenced him to his original punishment. In challenging those convictions, he claims he received ineffective assistance of counsel. We disagree and affirm the judgments.

It is appellant's burden to prove that his counsel was deficient and that the deficiency caused prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Smith v. State,* 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Furthermore, he must do so by a preponderance of the evidence, *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999), and there is a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Robertson v. State,* 187 S.W.3d 475, 482-83 (Tex. Crim. App. 2006).

Here, appellant alleged that counsel was ineffective for failing to convey to the State his acceptance of a plea offer prior to the revocation proceeding. The matter was addressed via a hearing upon defense counsel's motion to withdraw. According to appellant's own testimony, he was unhappy with his counsel because the latter allegedly failed to accept a plea offer of fifteen months. The fifteen-month offer had been relayed from defense counsel to appellant, and appellant responded by directing his attorney to see if he could "get a lower offer." Counsel did as directed but met with no success. Instead, he was told by the Randall County District Attorney that the State did not want "to proceed with anything here in Randall County until Lubbock County messed with their charges." Thereafter, defense counsel told appellant that no lower offer from the State was forthcoming, to which appellant supposedly replied that: "if fifteen months was the best [he] was going to get, that [he] would rather take that than… bring it to trial and risk getting twenty-four months."

Defense counsel then inquired of the State, shortly before the hearing, whether the fifteen-month offer stood, and the State responded no. Instead, it offered appellant

2

a jail term of sixteen months. The offer was rejected, and appellant opted to proceed with the revocation hearing.

In view of the foregoing, we make the following observations. The first pertains to the harm or prejudice aspect of the *Strickland* test. The harm alluded to by appellant involved his having received the maximum sentence of twenty-four months once the decision to revoke probation was made. This sentence is attributable to defense counsel, or so the argument goes. Yet, he says nothing about his rejection of the sixteen-month offer made by the State at the hearing. Instead of accepting it and thereby avoiding the "risk [of] getting twenty-four months" by submitting to "trial," he decided to submit to trial. Thus, it cannot be said that the conduct attributed to his attorney resulted in the sentence ultimately levied.

Our second observation is the tenor of appellant's own testimony. He posits before us that his testimony was the only evidence before the trial court since his counsel was never sworn as a witness. Assuming, *arguendo*, that the proposition is correct, it does him no good.[1] This is so because appellant's own words authorized the trial court to rule as it did. Again, he testified that he 1) informed counsel to inquire into the possibility of a lower offer, and 2) had been told both that no "counteroffer" was forthcoming and that the State would not proceed with the Randall County charges until those in Lubbock County were addressed. The State choosing not to proceed with the Randall County charges hardly connotes that the fifteen-month offer remained available when appellant deigned to accept it. Rather, it suggests the contrary. And, no one can dispute that legal counsel is forbidden from accepting a plea offer for his client unless

---

[1]We think it appropriate to extend appellant's premise to include any comments uttered by the prosecutor as well for they too were unsworn. It would seem inconsistent to consider unsworn comments from the prosecutor when we supposedly must ignore like comments from defense counsel.

3

and until the client actually accepts it. So, if there was no offer that could be accepted when appellant finally decided to accept it, counsel's supposed failure to accept the non-existing offer is not improper conduct.

Third, as factfinder, the trial court was free to assess appellant's credibility when making its decision. *See Mazratian v. State*, 961 S.W.2d 353, 358 (Tex. App.–Houston [1st Dist.] 1997, no pet.) (stating that a trial court possesses broad discretion in assessing the credibility of the witnesses and in weighing the evidence). Because of that, it could well have discredited appellant's testimony that he did not reject the fifteen-month offer.

Appellant's issue is overruled, and the judgments are affirmed.


Brian Quinn
Chief Justice


Do not publish.