**AFFIRM; and Opinion Filed May 8, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00637-CR**

**No. 05-12-00638-CR**

**PAUL LESLIE DEPEW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-82988-07, 401-80279-08**

### MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Paul Leslie Depew pleaded guilty to two counts of theft and was sentenced two years' imprisonment, which the trial court probated for two years while Depew was placed on community supervision. After extending the term of his supervision, the trial court revoked Depew's supervision and sentenced him to two years' incarceration. In two points of error, Depew asserts that the trial court abused its discretion by adjudicating his guilt and revoking his community supervision and that the trial court violated his due process rights. The background and facts of the case are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Depew was sentenced on theft charges in August 2009. In March 2010, the State filed a motion to revoke Depew's community supervision; the trial court extended the term of community supervision for an additional two years, until August 2013. After being notified that Depew had been arrested for public intoxication, the trial court revised the terms of his supervision in June 2011. In January 2012, the State filed a second motion to revoke community supervision, alleging six violations of the terms of Depew's supervision. Depew pleaded "not true" to all six alleged violations; after a hearing, the trial court found four of them were "true"— the trial court concluded Depew committed the offenses of public intoxication, false statement for property or credit, and criminal mischief and he failed to complete a required anger management course.[1] The trial court revoked Depew's community supervision and sentenced him to two years' confinement.

In his first point of error, Depew argues the trial court abused its discretion by adjudicating his guilt and revoking his community supervision because the State failed to establish by a preponderance of the evidence that Depew committed the allegations stated in the State's motion to revoke. Specifically, Depew asserts the evidence does not support the finding that Depew violated the terms of his supervision by committing the offenses of public intoxication and false statement for property or credit.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). The "trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id.* The State only is required to show a single violation to support the trial court's

---

[1] The State concedes the evidence was not sufficient to support revocation for Depew's alleged failure to complete a required anger management course; therefore, we do not consider this ground for revocation in our analysis.

order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). We review the evidence in the light most favorable to the trial court's ruling. *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)).

One of the conditions of Depew's community supervision was that he "[c]omit no offense against the laws of this State or any State, or the United States."

At the revocation hearing, the State presented evidence showing Depew pleaded "no contest" to the offense of public intoxication and the trial court for that offense concluded "that the evidence substantiates [Depew's] guilt beyond a reasonable doubt." Additionally, at the revocation hearing, Depew's lawyer conceded that Depew received a Class C citation for public intoxication and the offense was a misdemeanor that violated the supervision requirement that Depew commit no offense. Based on the evidence showing Depew's plea of no contest and the trial court's conclusion that the evidence substantiated Depew's guilt beyond a reasonable doubt, the court did not abuse its discretion by concluding a preponderance of the evidence showed Depew committed the offense of public intoxication and by revoking his community supervision on this basis.[2] *See Leonard*, 385 S.W.3d at 576. We overrule Depew's first point of error.

In his second point of error, Depew argues the trial court violated his due process rights by finding the State's allegation that he committed the offense of public intoxication to be true.[3] Although Depew filed a motion for new trial with the trial court, he never presented a due-process complaint to the trial court. Therefore, he has not preserved the issue for review. *See*

---

[2] Because the State only needed to show a single violation to support the trial court's judgment revoking community supervision, *see Smith*, 286 S.W.3d at 342, we need not consider whether the evidence supports the finding that Depew violated the terms of his supervision by committing the offenses of making a false statement for property or credit or criminal mischief, *see* TEX. R. APP. P. 47.4.

[3] In his second point of error, Depew also argues the trial court violated his due process rights by finding the State's allegation that he committed the offense of criminal mischief to be true. However, because we conclude the trial court did not err by revoking Depew's community supervision for the offense of public intoxication and because the State only needed to prove a single offense, we do not consider Depew's arguments with respect to criminal mischief in his second point of error.

TEX. R. APP. P. 33.1(a). *See also Rogers v. State*, 604 S.W.2d 248, 263 (Tex. Crim. App. 1982)

(Opinion on State's Second Motion for Rehearing); *Ferrell v. State*, No. 03-97-00360-CR, 1998

WL 67151 (Tex. App.—Austin Feb. 20, 1998, pet. ref'd).

Having resolved Depew's two points of error, we affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120637F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL LESLIE DEPEW, Appellant

No. 05-12-00637-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-80279-08.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 8, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL LESLIE DEPEW, Appellant

No. 05-12-00638-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82988-07.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 8, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE