

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00248-CR, 07-12-00249-CR

STEVEN MATTHEW MILLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3471, 3472, Honorable Stuart Messer, Presiding

August 2, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Steven Matthew Mills, entered pleas of guilty, pursuant to a plea bargain, to two indictments charging him with burglary of a building.[1] Pursuant to the terms of the plea bargain, appellant was placed on deferred adjudication probation for a period of two years. Subsequently, appellant's deferred adjudication probation was extended for an additional two year period. Thereafter, the State filed a motion to adjudicate appellant guilty of the offense in each of the cases. The trial court heard the

---

[1] See Tex. Penal Code Ann. § 30.02(a)(1) (West 2011).

motions to adjudicate appellant on May 14, 2012, and appellant entered pleas of true to all of the allegations except one of the two allegations that he had used marijuana while on probation. The trial court found the allegations contained in the motions to adjudicate to be true. After conducting a hearing on the issue of punishment, the trial court sentenced appellant to 22 months in a State Jail Facility (SJF). Appellant appeals contending that the trial court abused its discretion by sentencing appellant to an unreasonable sentence under the circumstances of this case. We disagree and will affirm.

## Factual and Procedural Background

Appellant does not contend that the evidence was insufficient to support the trial court's finding that the allegations were true. Accordingly, we will address only such facts as are necessary for this opinion. Following his plea of guilty to the offense of burglary of a building, appellant was placed on deferred adjudication probation for a period of two years on each case. The terms of the probation order were the same in each case and the deferred adjudications ran concurrently. Subsequently, appellant's deferred adjudication probation was extended for two additional years. Thereafter, the State filed a motion to adjudicate appellant guilty in each of the cases.

The State's motion to adjudicate alleged that appellant had violated the terms and conditions of probation in five particular areas. The allegations of the State were that appellant had: 1) failed to report in person for specified days, 2) failed to pay his community supervision fees as required, 3) failed to pay his court costs as required, 4) used marijuana on two occasions since being placed on deferred adjudication, and 5)

2

failed to complete community service as required. Appellant entered pleas of true to all allegations except one of the two allegations concerning the use of marijuana. Specifically, as to the allegation of use of marijuana on February 3, 2012, appellant entered a plea of not true. The State ultimately dropped this allegation. The trial court found all of the alleged violations of the terms and conditions of probation on which the State proceeded to trial to be true. Accordingly, the trial court found appellant guilty of the charges of burglary of a building, as alleged in the original indictments. Thereafter, the trial court conducted a hearing on the issue of punishment. After hearing the evidence on the issue of punishment, the trial court sentenced appellant to serve 22 months in an SJF.

Appellant appeals contending that the trial court abused its discretion in sentencing appellant to a term of 22 months confinement in an SJF under the facts of this particular case. Disagreeing with appellant's contention, we will affirm the judgments of the trial court.

Analysis

Appellant's sole contention is that the decision of the trial court to impose a sentence of confinement for 22 months in an SJF was an abuse of discretion. Initially, we note that the offense of burglary of a building, other than a habitation, is defined as a state jail felony. See TEX. PENAL CODE ANN. § 30.02(c)(1). A state jail felony is punishable by confinement in an SJF for any term of not more than two years or less than 180 days. See TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012). Next, the task of setting the length of confinement for an individual within the prescribed

3

punishment range is a "normative judgment." See Smith v. State, 286 S.W.3d 333, 344 (Tex.Crim.App. 2009) (quoting Ex parte Chavez, 213 S.W.3d 320, 323 (Tex.Crim.App. 2006)). The Texas Court of Criminal Appeals has described the sentencer's discretion to impose punishment within the prescribed range to be essentially unfettered. Id. (citing Ex parte Chavez, 213 S.W.3d at 323). This Court has adhered to the directions of the Texas Court of Criminal Appeals and found that a trial court's discretion regarding sentencing following an adjudication of guilt is unfettered. See Rhodes v. State, No. 07-11-0488-CR, 2012 Tex. App. LEXIS 10054, at *2 (Tex.App.—Amarillo Dec. 5, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication). Since the punishment assessed is within the range of punishment authorized by the Texas Penal Code, we see no reason to alter our position. Accordingly, we hold that the trial court did not abuse its discretion in assessing appellant's punishment at confinement in an SJF for 22 months. Appellant's sole issue is overruled.

## Conclusion

Having overruled appellant's sole issue, the judgment of the trial court is affirmed.

> Mackey K. Hancock
> Justice

Do not publish.

4