# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00507-CR

**John Joe Garcia, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2011CR0524, HONORABLE CHARLES A. STEPHENS, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Joe Garcia, Jr. appeals his conviction for the class B misdemeanor offense of driving while intoxicated. *See* Tex. Penal Code § 49.04. In one point of error, he challenges the denial of his motion to suppress. For the reasons that follow, we affirm.[1]

## BACKGROUND

On January 29, 2011, a police officer initiated a traffic stop after observing an equipment violation on the vehicle that appellant was driving. The traffic stop occurred on the shoulder of an interstate highway at night. The officer approached the vehicle from the passenger side and detected the odor of alcohol coming from the vehicle. Bending down and leaning forward,

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

the officer inserted his flashlight through the open front-passenger window and shined it on appellant and the vehicle's interior space. The officer spoke to appellant through the window and observed that appellant's eyes were "glassy." He also saw the "[u]pper half" of a bottle of beer in the front console of the vehicle using his flashlight. Appellant admitted to the officer that he had been drinking. The officer asked appellant to step out of the vehicle and conducted field sobriety tests on appellant. After conducting the tests, the officer arrested appellant for driving while intoxicated, and appellant provided a blood sample.

Appellant was charged by information with the misdemeanor offense of driving while intoxicated.[2] Prior to trial, appellant moved to suppress evidence from the traffic stop, and a hearing was held on his motion. The arresting officer and appellant testified, and the exhibits included the in-car video recording of the traffic stop. The trial court denied the motion to suppress, and the case proceeded to a jury trial. The jury found appellant guilty of driving while intoxicated, and the trial court assessed punishment but suspended the sentence and placed appellant on community supervision. This appeal followed.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *see also Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (stating that trial court abuses its discretion when its decision lies outside zone of reasonable disagreement). In a suppression hearing, the trial

---

[2] Appellant also was charged by information with the misdemeanor offense of possessing an open container of alcohol while operating the motor vehicle. *See* Tex. Penal Code § 49.031.

court is "the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Under that standard, we defer to the trial court's determination of historical facts "if supported by the record," *Wade v. State*, 422 S.W.3d 661, 666 (Tex. Crim. App. 2013), but we review de novo the trial court's application of the law to those facts, *Wilson*, 311 S.W.3d at 458. Similarly, appellate courts "afford almost total deference" to rulings on mixed questions of law and fact when the resolution of those questions depends on the evaluation of credibility and demeanor but review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011). Further, we review de novo purely legal questions. *Id.*

Here, the trial court did not enter findings of fact. Thus, we must "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (citing *Carmouche*, 10 S.W.3d at 328)).

## DISCUSSION

In his point of error, appellant contends that the trial court abused its discretion when it denied his motion to suppress evidence. Appellant does not challenge the initial traffic stop. His

focus is on the officer's use of his flashlight within the vehicle's interior space. Appellant urges that the officer would not have been able to discover the bottle of beer without the officer's insertion of his flashlight through the window and, as a result of this discovery, the officer began investigating the possibility that appellant had been driving while intoxicated. According to appellant, the officer's use of the flashlight in this way to discover the bottle of beer constituted an illegal, warrantless search, *see* U.S. Const. amend. IV; Tex. Const. art. I, § 9,[3] and all evidence obtained by the officer after this illegal search should have been suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963) (explaining "fruit of the poisonous tree" doctrine); *see also* Tex. Code Crim. Proc. art. 38.23 (prohibiting evidence obtained in violation of Constitution from being admitted in evidence against accused in trial of criminal case).

"The Fourth Amendment protects against unreasonable searches and seizures." *Walter v. State*, 28 S.W.3d 538, 540–41 (Tex. Crim. App. 2000); *see* U.S. Const. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 19–21 (1968) (describing Fourth Amendment analysis in context of investigatory stop). To claim the protection of the Fourth Amendment, a person must have "'a legitimate expectation of privacy in the invaded place.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)); *Walter*, 28 S.W.3d at 541. When an officer observes contraband "from a lawful vantage point," "there has been no invasion of a legitimate expectation of privacy and thus no 'search' within the meaning of the Fourth

---

[3] Although appellant cites article I, section 9 of the Texas Constitution, he does not provide separate analysis or contend that the protections afforded under that article are greater than that afforded under the federal Constitution. *See* Tex. Const. art. I, § 9 (addressing searches and seizures). Thus, we limit our analysis to the federal standard.

Amendment—or at least no search independent of the initial intrusion that gave the officers their vantage point." *Walter*, 28 S.W.3d at 541–42 (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993)); *see Horton v. California*, 496 U.S. 128, 133 (1990) (noting that, if an article is in plain view, neither its observation nor its seizure involves any invasion of privacy); *see also State v. Dobbs*, 323 S.W.3d 184, 188 n.11 (Tex. Crim. App. 2010) ("An investigation that does not impinge upon a defendant's legitimate privacy or possessory interest does not implicate Fourth Amendment protections.").

Viewing the evidence in the light most favorable to the trial court's ruling, the trial court could have found that it was reasonable for the officer as part of his investigatory method, including to ensure the officer's safety, to approach the vehicle on the passenger side and bend down and insert his flashlight through the open passenger-side window to observe appellant and the vehicle's interior space. *See Wiede*, 214 S.W.3d at 25 (noting that appellate court must view the evidence in light most favorable to trial court's ruling and assume that trial court made implicit findings of fact that support its ruling as long as those findings are supported by record); *see also Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (describing when officer may conduct "protective searches" of passenger compartment of automobile and noting that "roadside encounters between police and suspects are especially hazardous" ); *Goudeau v. State*, 209 S.W.3d 713, 719–20 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (describing appropriate "investigative methods" in context of traffic stop investigation that expanded in scope to include driving while intoxicated based on officer's observations of appellant's bloodshot eyes, slurred speech, fumbling of insurance papers, and "open container of alcohol on the passenger seat beside appellant").

5

As previously stated, appellant does not challenge the initial traffic stop, and the stop occurred at night on the shoulder of an interstate highway. The officer testified that "[i]t was dark inside [appellant's] vehicle" and that, as he was speaking with appellant, he was "pointing" and "moving the flashlight around" and that he was doing so "as we do always just for safety precautions for any kind of weapon or any kind of information that we need to know for our own safety." The officer also testified that it "was immediately apparent" to him that the bottle in the vehicle's console "was beer." We must assume that the trial court found the officer's testimony credible. *See St. George*, 237 S.W.3d at 725 (noting that trial court is "the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony").

Based on the officer's testimony, the trial court could have found that the officer's use of his flashlight through the passenger-side window was reasonable, including to ensure the officer's safety, and, therefore, that the officer saw the bottle from a "lawful vantage point," there was no invasion of a legitimate expectation of privacy, and there was no illegal search within the meaning of the Fourth Amendment. *See Walter*, 28 S.W.3d at 541–42; *see also Texas v. Brown*, 460 U.S. 730, 739–40 (1983) (plurality op.) (noting that "beyond dispute that [officer's] action in shining his flashlight to illuminate the interior of [defendant]'s car trenched upon no right secured to the latter by the Fourth Amendment" and "fact that [the officer] 'changed [his] position' and 'bent down at an angle so [he] could see what was inside' [defendant's] car is irrelevant to Fourth Amendment analysis"); *Cruz v. State*, No. 05-14-00144-CR, 2015 Tex. App. LEXIS 1221, at *7 (Tex. App.—Dallas Feb. 9, 2015, no pet.) (mem. op., not designated for publication) (noting that "officer looking inside a vehicle from a lawful vantage point does not implicate *Fourth Amendment*

6

protections" and finding that officer did not violate Fourth Amendment when passenger door was open and officer "bent down" and "saw the butt of the gun protruding from under the front passenger seat of the car").

Thus, we conclude that appellant has failed to show that the trial court abused its discretion when it denied his motion to suppress evidence. *See Crain*, 315 S.W.3d at 48. We overrule appellant's point of error.

## CONCLUSION

Having overruled appellant's point of error, we affirm.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 12, 2015

Do Not Publish