

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-15-00270-CR
_____

### DWAYNE MCGOWAN, APPELLANT

### V.

### STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. FSA-08-19322; Honorable Trent D. Farrell, Presiding

January 4, 2017

## ORDER DENYING MOTION FOR REHEARING

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.[1]

Appellant, Dwayne McGowan, by his *Motion for Rehearing*, complains that this court erred in rendering its opinion of November 9, 2016,[2] when it failed to (1) fully address all of his arguments, (2) consider certain relevant facts, and (3) apply the

---

[1] Justice Mackey K. Hancock, retired, not participating.

[2] *McGowan v. State*, No. 07-15-00270-CR, 2016 Tex. App. LEXIS 12120 (Tex. App.—Amarillo Nov. 9, 2016, no pet. h.) (mem. op., not designated for publication).

common law ability-to-pay defense to the allegation that he violated the condition of his community supervision requiring payment of unpaid community supervision fees, allegedly misidentified as "restitution." For the reasons stated, we deny Appellant's motion for rehearing.

As we stated in our original opinion, article 42.12, section 21(c) of the Texas Code of Criminal Procedure provides the following:

> [i]n a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services . . . the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2016).

Appellant contends that a "common sense reading of Article 42.12, Section 21(c) suggests that, if the State alleges more than the statutory categories of court-ordered monetary obligations, the statute will not apply." Based on his reading of the statute, Appellant posits that because the State alleged other violations in this case, section 21(c) did not apply and the State was obligated to overcome his common law inability-to-pay defense as to all monetary violations alleged. We reject that interpretation. Our reading of this section convinces us that the Legislature's use of the word "only" was nothing more than the implicit acknowledgement of the long-recognized rule that the State need prove "only" one violation of the terms of community supervision in order to support a trial court's decision to revoke. Accordingly, we interpret section 21(c) as requiring the State to establish the defendant's ability-to-pay in those situations where

2

the "only" violations relied upon by the State to warrant revocation are the failure to pay any of the non-punitive monetary obligations identified in the statute.

Appellant further contends the Texas Court of Criminal Appeals has left open the question of whether the common law ability-to-pay defense was entirely superseded by the enactment of article 42.12, section 21(c).  *See Gipson v. State*, 428 S.W.3d 107, 117 (Tex. Crim. App. 2014) (Johnson, J., concurring) ("When this case was previously before us, we indicated that, if Texas statutes do not require the state to prove a defendant's ability to pay, state common law might.").  Based on that statement, Appellant posits that this court erred by failing to address his common law ability-to-pay arguments.

What Appellant fails to acknowledge and recognize is that his common law ability-to-pay defense does not apply to the non-payment of fines as the basis for revocation of his community supervision.  *Gipson*, 428 S.W.3d at 109 (reasoning that because fines are imposed as punishment and are not remedial in any sense, they are not affected by the defendant's inability to pay).  Because the State alleged and proved Appellant failed to pay his fines as ordered by the trial court, and because the State is only required to establish a single violation to support the trial court's order revoking community supervision, *Smith v. State*, 286 S.W.3d 333, 342 n.36 (Tex. Crim. App. 2009); this court addressed every issue "necessary to the final disposition of the appeal." TEX. R. APP. P. 47.1.  Accordingly, we intentionally do not reach the broader question of whether the common law defense of inability-to-pay has been entirely superseded by the enactment of article 42.12, section 21(c).

CONCLUSION

Appellant's *Motion for Rehearing* is denied.

Patrick A. Pirtle
Justice

Do not publish.