**Order entered December 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01165-CR**

**JUNAID YOUNUS FAROOGUI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-45745-S**

**ORDER**

Before the Court is appellant's November 28, 2022 motion to abate the appeal and remand for a hearing on appellant's motion for new trial. The State has not filed a response. We will grant the motion.

The record shows appellant filed a motion for new trial, supported by affidavits, raising matters not determinable from the record including deprivation of his constitutional right to a public trial. Because the trial court judge who presided over appellant's trial had recused herself, the presiding judge of the First

Administrative Judicial Region transferred the case to the Criminal District Court No. 4, and then later reassigned it to a visiting judge in the 282nd Judicial District Court. Although the case was reassigned to the 282nd Judicial District Court, there was a delay in transferring the case back from the Criminal District Court No. 4. The motion was eventually set for hearing outside the seventy-five-day window when a motion for rehearing can be heard and was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c).

Because appellant raised matters not determinable in the record and supported his allegations with appropriate affidavits, we conclude he was entitled to a hearing on his motion for new trial. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). We agree with appellant that the proper course of action is to abate this case to the trial court for a hearing on the motion for new trial. *See* TEX. R. APP. P. 44.4(a); *Montelongo v. State*, 631 S.W.3d 734, 738–39 (Tex. App.—El Paso 2021, no pet.) (mem. op.).

We **ORDER** the presiding judge of the First Administrative Judicial Region to assign this case, within **THIRTY DAYS** of the date of this order, to a trial court judge for the purpose of conducting a hearing on appellant's motion for new trial. We further **ORDER** that the trial court judge assigned to the case by the presiding administrative judge conduct a hearing on appellant's motion for new trial within

**NINETY DAYS** of the date of this order. The trial court shall make findings of fact and conclusions of law.

A supplemental reporter's record of the hearing, and a supplemental clerk's record containing the trial court's findings of fact and conclusions of law and any order the trial court enters, shall be due within **THIRTY DAYS** from the date of the hearing.

We **DIRECT** the Clerk to transmit copies of this order to the Honorable Raymond G. Wheless, Presiding Judge, First Administrative Judicial Region; to Felicia Pitre, Dallas County District Clerk; and to counsel for the parties.

The appeal is **ABATED** to allow the presiding administrative judge to assign the case and to allow the assigned trial court judge to conduct the hearing on the motion for new trial. The appeal shall be reinstated when the supplemental clerk's record is filed or 120 days from the date of this order, whichever is earlier.

/s/    LANA MYERS
       JUSTICE