

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0777-08

**GERALD WAYNE SMITH, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

PRICE, J., delivered the opinion of the Court in which WOMACK, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion. KELLER, P.J., and HERVEY, J., concurred.

### O P I N I O N

We granted the State's petition for discretionary review to determine whether, in order to obtain a hearing on a motion for new trial when the basis of the motion is ineffective assistance of counsel, a defendant must establish a reasonable probability that the outcome would have been different in order to demonstrate reasonable grounds for granting relief. We now hold that for the movant to demonstrate reasonable grounds for relief when alleging

ineffective assistance of counsel, he must establish both *Strickland* prongs,[1] which includes

showing a reasonable probability that but for counsel's deficiency (if any) a different result

would have occurred. In light of the appellant's failure to establish a reasonable probability

that he could demonstrate prejudice, we reverse the court of appeals, affirm the trial court's

denial of the appellant's motion for new trial without a hearing, and remand for review of the

second issue the appellant raised which the court of appeals initially declined to address.

## FACTS AND PROCEDURAL POSTURE

### In the Trial Court

The appellant was indicted for sexual assault, a second-degree-felony offense, alleged

to have been committed on November 13, 1997. On December 29, 1998, the appellant pled

guilty pursuant to a plea agreement, and the trial court placed him on ten years' deferred-

adjudication community supervision.

Eight years later, on November 1, 2006, the State filed a motion to adjudicate, alleging

four violations of the appellant's community supervision. The allegations included: (1)

failure to report as ordered between October 8, 2001, and January 6, 2002; (2) failure to

participate in court-ordered sex-offender counseling in 2002; (3) commission of the

subsequent offense of deadly conduct family violence on October 17, 2006; and (4)

commission of the subsequent offense of terroristic threat on October 17, 2006. To these

allegations, the appellant pled "not true," and a hearing was held on February 1, 2007. At

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

the hearing, the appellant's probation supervisor testified that the appellant failed to report and participate in the sex-offender program and that, despite his claims that he was unable to report due to being hospitalized after surgery, the appellant had not provided her with any excuse for not reporting or participating in group therapy.  Additionally, the probation supervisor testified that she suspected the appellant of abusing prescription medication.  The victim of the deadly conduct and terroristic threat, Jonathan Holt, and the deputy sheriff who responded to the call, both testified that the appellant pointed a gun at Holt, and when Holt was attempting to leave, the appellant shot all four of his car's tires.  The appellant's daughter testified that while the appellant did point a gun at Holt, no one was in the vehicle when her father shot out the tires.  Following the hearing, the trial court found allegations one, three, and four to be true, adjudicated the appellant guilty for the original sexual-assault offense, and sentenced him to twenty years in prison.

Subsequently, the appellant filed a motion for new trial, accompanied by a request for a hearing.  The appellant's motion alleged that trial counsel rendered ineffective assistance by failing to inform the appellant of his right to testify at the hearing on the State's motion to adjudicate and failing to submit medical records into evidence.  The appellant's supporting affidavit stated:

> My attorney told me I was going to go back on probation when I went to court.  He told me to just say not true and not to say anything else.  I was never given a chance to say anything on my behalf.

Thus, the appellant asserted that trial counsel failed to advise him of his right to testify.  Had

he been so advised, the appellant maintained, he would have testified, rebutting statements made by the victim, the deputy sheriff, and his probation supervisor. The appellant argued that all three witnesses were untruthful and misleading in their testimony and claimed that his testimony would have refuted their statements concerning the shooting on October 17th, his spinal surgery, and his abuse of prescription drugs. Additionally, the appellant claims that the omitted medical records, which counsel had in his file, would have corroborated testimony that he had undergone spinal surgery and was taking prescription medication for severe pain. The appellant's motion requested a new hearing on the State's motion to adjudicate because the information about which the appellant would have testified "may well have resulted in a different outcome."[2] The appellant's motion for a new trial was denied without a hearing.

## On Appeal

On appeal, the appellant argued that the trial court (1) erred by failing to conduct a hearing on his motion for new trial; and (2) violated his right to due process by adjudicating guilt, in part, on a stale allegation. On April 2, 2008, in an unpublished opinion, the Tenth Court of Appeals held that the trial court abused its discretion by not holding a hearing on the appellant's claim of ineffective assistance of counsel.[3] Without addressing the second

---

[2]

Neither the motion for new trial itself nor the accompanying affidavit makes further mention of how the appellant's testimony and the omitted medical records would have changed the outcome of the adjudication proceeding.

[3]

*Smith v. State*, No. 10-07-00045-CR, 2008 Tex. App. LEXIS 2358 (Tex. App.—Waco Apr.

issue, the court of appeals remanded the cause to the trial court to hold a hearing on the appellant's motion.[4]

In reaching this result, the court of appeals stated that "[a]lthough a defendant does not have an 'absolute right' to a hearing on a motion for new trial, a trial court must hold a hearing when a defendant raises a matter 'not determinable from the record,'" as long as "the defendant . . . provide[s] a supporting affidavit showing reasonable grounds for holding that relief should be granted."[5] The court of appeals reasoned that the appellant's motion was sufficient to warrant a hearing because he claimed ineffective assistance of counsel for failing to advise him of his right to testify and failing to introduce his medical records into evidence, and because his supporting affidavit alleged that the excluded testimony and

---

2, 2008) (not designated for publication). In its brief on appeal, the State argued that, because the court of appeals at that time lacked jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt, *see* former TEX. CODE CRIM. PROC. art. 42.12, § 5(b), prior to amendment by Acts 2007, 80th Leg., ch. 1308, § 5, p. 4397, eff. June 15, 2007, it also therefore lacked jurisdiction to consider the appellant's claim that the trial court erred in failing to grant a new adjudication hearing. The court of appeals disagreed, holding that it was not deprived of jurisdiction because the issue presented on appeal was whether the trial court erred in failing to hold a hearing on the appellant's motion for new trial, which is a post-adjudication proceeding that does not arise from the determination to proceed to adjudication. Other courts of appeals in Texas have held similarly. *See Buerger v. State*, 60 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.], pet. ref'd); *Amaro v. State*, 970 S.W.2d 172, 173 (Tex. App.—Fort Worth 1998, no pet.). *See also Bahm v. State*, 219 S.W.3d 391 (Tex. Crim. App. 2007) (motion for new trial can be taken after a determination to adjudicate guilt, and trial court, when ruling on a motion for new trial, must follow all required procedures, including holding an evidentiary hearing when one is warranted). The State does not contest this holding in its petition for discretionary review, and we express no opinion with respect to that issue here.

[4]   *Id.* at *6.

[5]   *Id.* at *3.

evidence would have rebutted the State's witnesses concerning the events of October 17th, his medical history, and his prescription drug abuse.[6] Rejecting the State's contention that the appellant's affidavit was conclusory and insufficient, the court of appeals explained that the appellant is not required to establish a *prima facie* case, and held that "[t]he trial court should have held a hearing on [the appellant]'s motion so that he could have fully developed the factual basis for his ineffective assistance claim."[7]

We granted the State's petition for discretionary review to examine its contention that the appellant was not entitled to a hearing on his motion for new trial because he did not establish in his pleading that there was a reasonable probability that the outcome would have been different so as to demonstrate reasonable grounds for granting relief. We hold that the movant does not have to plead a *prima facie* case, but he must at least allege facts that show reasonable grounds to believe that he *could* prevail under *both* prongs of the test for ineffective assistance of counsel under *Strickland*.[8] In the instant [9] case, because the

---

[6] *Id.* at *3-4.

[7] *Id.* at *4-6.

[8] *Strickland v. Washington*, *supra*.

[9] *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (noting that "this Court has held that a trial court has no duty to inform a testifying defendant, represented by counsel, of his right *not* to testify," nor does a trial court have a duty to inform a defendant about his right *to* testify). It is a criminal defendant's constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987); *Johnson*, 169 S.W.3d at 232. Such a right can be knowingly and voluntarily waived only by the defendant, not his counsel. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

appellant's motion and affidavit failed to raise facts to establish that he *could* prevail under the *Strickland* prejudice prong, the court of appeals erred in holding that the trial court abused its discretion in failing to hold a hearing on the appellant's motion for new trial. Accordingly, we will reverse the court of appeals's judgment with respect to the appellant's first issue and remand the cause to the court of appeals to address the appellant's second issue.[10]

## THE LAW

### Motion for New Trial Hearing

The purpose of a hearing on a motion for new trial is to: (1) "decid[e] whether the cause shall be retried" and (2) "prepare a record for presenting issues on appeal in the event the motion is denied."[11] While we have held that the opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, we have also held that such a hearing is not an absolute right.[12] "[A] hearing is *not* required when the matters

---

[10] In his second appellate issue, the appellant claimed that the trial court violated his right to due process by adjudicating his guilt in part on a stale allegation. Because the court of appeals remanded the cause to the trial court for a hearing on the appellant's motion for new trial, it declined to address his second issue. Although the appellant attempted to raise his second issue as a ground for discretionary review in this Court, we declined to grant review on that issue because there is no "decision" from the court of appeals for this Court to review. *E.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007).

[11] *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality opinion) (citing *Trevino v. State*, 565 S.W.2d 938, 941 (Tex. Cr. App. 1978)).

[12] *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). *See Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim App. 2002) ("The purpose of the hearing is to fully develop the issues

raised in the motion for new trial are subject to being determined from the record."[13] Conversely, a "trial judge abuses his discretion in failing to hold a hearing on a motion for new trial [when] that [motion] raises matters which are *not* determinable from the record. [citations omitted]. To hold otherwise would deny the accused meaningful appellate review."[14]

"[R]ecogniz[ing] that an unrestricted requirement of a hearing on matters not determinable from the record could lead to 'fishing expeditions,'" we have also held that even a defendant who has raised such matters is not entitled to a hearing on his motion for new trial unless he "establishes the existence of 'reasonable grounds' showing that the defendant 'could be entitled to relief.'"[15] Thus we require, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, that the motion be supported by an affidavit, either of the defendant or someone else, specifically

---

raised in the motion.").

[13]      *Reyes*, 849 S.W.2d at 816 (citing *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)). *See also Darrington v. State*, 623 S.W.2d 414, 416 (Tex. Crim. App. 1981) (no abuse of discretion to overrule motion for new trial without a hearing when "there were no issues presented in appellant's motion for new trial which required proof to be developed outside the record").

[14]      *Reyes*, 849 S.W.2d at 816.

[15]      *Reyes*, 849 S.W.2d at 816; *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). *See also Lucero v. State,* 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) (trial court did not abuse its discretion in declining to hold a hearing on appellant's new trial motion because the record presented no reasonable grounds to believe that the alleged jury misconduct affected the jury's verdict).

setting out the factual basis for the claim.[16] The affidavit need not establish a *prima facie* case, or even "'reflect every component legally required to establish' relief."[17] "[I]t is sufficient if a fair reading of it gives rise to reasonable grounds in support of the claim."[18] But affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required.[19]

When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion.[20] In so doing, "we reverse 'only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons

---

[16] George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 41.23 (2d ed. 2001), at 181. The affidavit requirement for claims grounded on facts outside the appellate record is a product of case law and is not a creature of statute or rule. *Bahm v. State*, 219 S.W.3d 391, 395 (Tex. Crim. App. 2007).

[17] *Reyes*, 849 S.W.2d at 816 (quoting *McIntire*, 698 S.W.2d at 658, which states that the defendant's motion and supporting affidavits "must merely reflect that reasonable grounds exist for holding that such relief *could* be granted"(emphasis added)); *see also Wallace*, 106 S.W.3d at 108 (quoting *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002)).

[18] Dix & Dawson*, supra*, § 41.24, at 182.

[19] *E.g.*, *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000) (trial court did not abuse its discretion in failing to hold a hearing on appellant's motion for new trial because the appellant's bare assertions did not establish facts which would entitle him to a new trial); *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (affidavit that is conclusory in nature is "not sufficient to put the trial judge on notice that reasonable grounds exist[] to believe counsel's representation may have been ineffective").

[20] *Wallace*, 106 S.W.3d at 106. *See also Gonzalez*, 855 S.W.2d at 696 ("Both the granting and the denying of a motion for new trial rest within the discretion of the trial court, and appellate courts ordinarily will not reverse that decision unless the trial court has abused its discretion.").

might disagree.'"[21] And "in the absence of [such] an abuse of discretion this Court would not be justified in reversing the judgment."[22] Our review, however, is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. In fact, under such circumstances the trial judge abuses his discretion in failing to hold a hearing.[23]

## Ineffective Assistance of Counsel

Initially we note that "ineffective assistance of counsel may be raised in a motion for

---

[21] *Gonzalez*, 855 S.W.2d at 695 n.4, 696 (adding that it is not the reviewing court's place to substitute its judgment for that of the trial court, but to determine whether its decision was unreasonable or arbitrary). *See also Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (clarifying that "[a] trial court abuses its discretion only when no reasonable view of the record could support the court's ruling").

[22] *Gonzalez*, 855 S.W.2d at 696 (citing *Grizzell v. State*, 298 S.W.2d 816, 821 (Tex. Cr. App. 1956); *Bryan v. State*, 406 S.W.2d 210, 216 (Tex. Cr. App. 1966); *Hill v. State*, 480 S.W.2d 670, 673 (Tex. Cr. App. 1972); *Etter v. State*, 679 S.W.2d 511, 515 (Tex. Cr. App. 1984)).

[23] *Reyes*, 849 S.W.2d at 816; *Wallace*, 106 S.W.3d at 108. A hearing on the motion for new trial is mandatory only when the trial judge determines that a defendant has asserted reasonable grounds for relief and that the facts supporting those grounds are not determinable from the record. A trial judge is not required to hold a hearing on the motion if he determines that the defendant has failed to show one or both of these requirements. But, it is worth noting that in cases in which one requirement is lacking, the trial judge may still, in his discretion, conduct a hearing before granting or denying the motion. It would never, however, amount to an abuse of discretion *not* to.

new trial."[24]    Under *Strickland v. Washington*, a defendant seeking to challenge counsel's

representation must establish that his counsel's performance (1) was deficient, and (2)

prejudiced his defense.[25] To show deficiency "the appellant must prove by a preponderance

of the evidence that his counsel's representation objectively fell below the standard of

professional norms."[26]    And to show prejudice, the appellant "must show there is a

reasonable probability that, but for his counsel's unprofessional errors, the result of the

proceeding would have been different."[27]    "Reasonable probability" is a "probability

sufficient to undermine confidence in the outcome," meaning "counsel's errors were so

---

[24]

 *Reyes*, 849 S.W.2d at 815.  *See Hill*, 480 S.W.2d at 202-03 (noting that a person placed on deferred adjudication and later facing an adjudication proceeding has the right to be assisted by counsel, which includes the right to reasonably effective assistance).  *See, e.g., Moore v. State*, 4 S.W.3d 269, 277 (Tex. App.—Houston [14th Dist.] 1999, no pet. h.) (addressing merits of a motion for new trial based on ineffective assistance of counsel); *State v. Kelley*, 20 S.W.3d 147, 150 (Tex. App.—Texarkana 2000, no pet. h.) (affirming the granting of a motion for new trial, in the interest of justice, based on ineffective assistance of counsel claim).

[25]

 *Strickland*, 466 U.S. at 687;  *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Ex parte McFarland*, 163 S.W.3d 743, 753-54 (Tex. Crim. App. 2005).

[26]

 *Mitchell*, 68 S.W.3d at 642;  *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Cr. App. 1996). *See Ex parte McFarland*, 163 S.W.3d at 753 (explaining that counsel's conduct was deficient if he failed to act as "'a reasonably competent attorney' would have under the circumstances"). Trial counsel's conduct during his representation, evaluated as a whole, is presumed to fall within the wide range of reasonable professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Thus, the burden is on the appellant to prove, by a preponderance of evidence, that his trial counsel's performance was ineffective. *Id*.

[27]

 *Strickland*, 466 U.S. at 694.

serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[28] Before he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different.[29]

## ANALYSIS

In his motion, the appellant alleged that his trial counsel was ineffective because he failed both to inform the appellant of his right to testify at his adjudication hearing and to introduce the medical records into evidence. Because "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record," the record will generally "not be sufficient to show that counsel's representation was so deficient as to meet

---

[28] *Id.* at 687, 694. *See also Mitchell*, 68 S.W.3d at 644 (appellant failed to show he was prejudiced by counsel's performance because he did "not show a reasonable probability that the result of the proceeding would have been different but for counsel's performance").

[29] *See, e.g., Jordan*, 883 S.W.2d at 664-65 (finding that Jordan's motion did not show deficiency or prejudice, and therefore failed to give notice that reasonable grounds existed to entitle him to relief); *King*, 29 S.W.3d at 566 (finding that appellant failed to demonstrate either of the *Strickland* prongs); *Buerger*, 60 S.W.3d at 362-63 (finding that the trial court had not abused its discretion in not holding a hearing on appellant's motion for new trial because appellant "failed to explain or demonstrate that the significance of [his attorney's] actions, if true, were deficient or how they harmed him"); *Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007) (deeming an affidavit conclusory because it failed to set out what the omitted evidence "would have revealed that reasonably could have changed the result of the case," thus implying that an affidavit in support of an ineffective assistance of counsel claim must spell out how the outcome would be different but for the ineffectiveness of counsel).

the first part of the *Strickland* standard."[30]  The same is true in the instant case; whether counsel's failures in fact show a deficiency that prejudiced the appellant's defense is not determinable from the record.[31]  Because the appellant's claim is not determinable from the record, we must decide whether his motion and affidavit show reasonable grounds that could entitle him to relief.  To do so, the appellant must allege facts that would reasonably show that his counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different.[32]

**Counsel's Alleged Deficiency**

In his motion for new trial, the appellant complained that defense counsel was deficient in two respects: (1) in directing the appellant "to just say not true and not to say anything else"and "never giv[ing the appellant] a chance to say anything on [his] behalf," and (2) in neglecting to offer into evidence the appellant's medical records, which indicated that he had undergone spinal surgery and had been prescribed medication for severe pain.  We have said that "defense counsel shoulders the primary responsibility to inform the defendant

[30]

*Mitchell*, 68 S.W.3d at 642; *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).

[31]

The State does not contest that the appellant's claims are not determinable from the trial record.

[32]

*Strickland*, 466 U.S. at 687.

of his right to testify."[33] Thus, any shortfall by defense counsel in this regard may constitute deficient performance under the first prong of *Strickland*. Additionally, we have recognized that deficiency can be the result of commission or omission of an act, including failing to present relevant evidence, that no other reasonable attorney would regard as sound trial strategy.[34] If it can be said that no reasonable attorney would have failed to inform the appellant of his right to testify, urged him to do so, and introduced the appellant's medical records, then the performance of the appellant's counsel may well have fallen below professional norms. However, even assuming such deficiencies exist, we find that the appellant's motion and supporting affidavit do not provide reasonable grounds to believe that he can satisfy the prejudice prong of *Strickland*; therefore, we need not determine whether the appellant's motion and affidavit satisfy the deficiency prong of *Strickland*.[35]

## Prejudice

In addressing the prejudice prong, the appellant's motion merely alleged that "the

---

[33]

*Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (noting that "this Court has held that a trial court has no duty to inform a testifying defendant, represented by counsel, of his right *not* to testify," nor does a trial court have a duty to inform a defendant about his right *to* testify). It is a criminal defendant's constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987); *Johnson*, 169 S.W.3d at 232. Such a right can be knowingly and voluntarily waived only by the defendant, not his counsel. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

[34]

*Strickland*, 466 U.S. at 687, 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *Ex parte McFarland*, 163 S.W.3d at 753.

[35]

*See Strickland*, 466 U.S. at 697 (courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one").

information about which he would have testified may well have resulted in a different outcome." He made no attempt to explain how this might be so. Nor does the record seem to bear out his naked assertion.

In a case in which the State alleges but a single ground in support of its motion to proceed to adjudication, a bare assertion that counsel's alleged deficiency at the adjudication hearing was prejudicial might be enough to entitle the defendant to a hearing on his motion for new trial, if the prejudice seems evident on the record. But in this case, the trial court found that the appellant committed three of the four violations alleged in the State's motion to adjudicate. We have long held that "one sufficient ground for revocation would support the trial court's order revoking" community supervision.[36] Thus, to be entitled to a hearing on his motion for new trial, the appellant must present facts to show that reasonable grounds exist to overturn *each* of the trial court's three findings of true that led to his adjudication: (1) failure to report, (3) committing the offense of deadly conduct family violence, and (4) committing the offense of terroristic threat. The appellant's motion and affidavit contend that the appellant's testimony and the omitted medical records would have rebutted his probation supervisor's statements concerning his failure to report, which was the basis of the

---

[36] *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). *See also Gobell v. State*, 528 S.W.2d 223 (Tex. Crim. App. 1975) (trial court's revocation of Gobell's probation was proper because, even if his contentions were correct, his revocation was based on two offenses and he challenged only one); *Ross v. State*, 523 S.W.2d 402 (Tex. Crim. App. 1975) (State's allegation of failure to report to probation officer was sufficient to revoke Ross's probation, despite any showing of deficiency in the other two violations alleged in the motion to revoke).

State's first ground for revocation. Thus, if taken as true, the appellant's proffered evidence might vitiate the appellant's revocation based on the first allegation of failure to report. But grounds three and four of the State's motion to revoke, if found true, remain sufficient to support the trial court's decision to proceed to an adjudication of the appellant's guilt. Even assuming that the appellant could successfully challenge the failure to report violation, the trial court was justified in revoking his deferred-adjudication community supervision.

Grounds three and four of the State's motion to adjudicate alleged that the appellant committed the offenses of deadly conduct and terroristic threat, respectively. Both offenses were alleged generally; therefore, all theories provided under the corresponding statutes were available to the trial court. Therefore, the trial court's finding of true on allegations three and four can be justified on any theory enumerated in the respective penal code provisions. Deadly conduct, Section 22.05 of the Texas Penal Code, provides:

> (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
>
> (b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:
>
> > (1) one or more individuals; or
> >
> > (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building or vehicle is occupied.[37]

Even assuming, as the appellant contends, that no one was inside the vehicle when the

---

[37] TEX. PEN. CODE § 22.05.

appellant shot out the tires, the appellant admits that he fired the gun at the vehicle and he did so while Holt, the appellant's daughters, and a friend were all within the immediate area surrounding the vehicle. The sheriff's deputy testified that he arrested the appellant for deadly conduct because Holt and a friend "were in a vehicle which was shot at by [the appellant] and a projectile could ricochet and hit them," placing them in potential danger of serious bodily injury. Removing Holt and the friend from the inside of the vehicle does not alter the potential danger in which the appellant's actions placed them. In fact, if the parties were standing outside the vehicle, then there is arguably an even greater potential for a projectile to ricochet and hit them. Taking the parties out of the vehicle during the incident only alters the section under which the appellant is guilty of deadly conduct, making the appellant culpable under Section 22.05(a), instead of Section 22.05(b)(2).

Alternatively, terroristic threat, Section 22.07 of the Texas Penal Code, provides, in pertinent part:

> (a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:
>
> * * *
>
> (2) place any person in fear of imminent serious bodily injury,
>
> (3) prevent or interrupt the occupation or use of . . . [an] automobile[.][38]

A threat can be both verbal and nonverbal. In his affidavit, the appellant maintains that he

---

[38] TEX. PEN. CODE § 22.07.

did not point a gun at Holt. Assuming this contention to be true, the appellant is arguably not guilty of terroristic threat under section 22.05(a)(2). The appellant's daughter, nevertheless, testified during the revocation hearing that the appellant did pull a gun and that he did shoot out the tires "to make sure that [Holt, his daughter, and the friend] could not leave." The appellant himself admitted to the deputy sheriff that he shot the tires. Holt also testified several times that the appellant told him, "You're not going anywhere." Consequently, even assuming the appellant's contentions to be true, he could still have been found to have committed a terroristic threat, under Section 22.05(a)(3), by threatening violence to prevent or interrupt the use of an automobile. Therefore, by failing to successfully challenge all three community supervision violations found true by the trial judge, the appellant's motion and affidavit do not support his conclusory statement proclaiming that his testimony "may well have resulted in a different outcome." The court of appeals erred in holding that the trial court abused its discretion in failing to hold a hearing on the appellant's motion for new trial.

## Punishment Prejudice

The appellant argues that, even if the proposed testimony and omitted medical records fall short of directly addressing all the violations alleged in the State's motion to adjudicate, the appellant should still be entitled to a hearing on his motion "[b]ecause a revocation hearing is effectively a 'second sentencing hearing,' [and] the trial judge is allowed to hear and consider any relevant evidence that might justify a reduced sentence."[39] Essentially, the

---

[39] Appellant's Brief, at 13-14. The appellant argues that the trier of fact may consider the

appellant argues that the omitted testimony and evidence were material to the trial judge's determination as to the length of his sentence for the original offense. While we accept the appellant's premise that evidence presented at the adjudication hearing might also be relevant to the trial court's punishment decision, we do not believe that this fact alone should entitle him to a hearing on his motion for new trial. "We have frequently observed that the task of setting a particular length of confinement within the prescribed range of punishment is essentially a 'normative' judgment. * * * Indeed, we have described the sentencer's discretion to impose any punishment within the prescribed range to be essentially 'unfettered.'"[40] Similarly, the decision of what punishment to assess after adjudicating the defendant guilty is a purely normative process, not intrinsically factbound, and is left to the unfettered discretion of the trial judge. Only the trial judge in this case could have known what factors he took into consideration in assessing the original punishment, and only he would know how the defendant's testimony, if allowed, might have affected that assessment.

---

evidence presented at the adjudication hearing both in deciding whether to adjudicate guilt and in determining the appropriate punishment to be assessed within the applicable range. Even if his trial counsel's ineffectiveness did not make a difference in the adjudication decision, he argues, it still could have adversely affected him with respect to the punishment assessment, and he should have been allowed to develop the evidence of ineffective assistance of counsel at a hearing on his motion for new trial if only for this purpose.

[40]
    *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (noting that there are "a few specific instances where the range of punishment depends upon the determination of discrete facts" and that those instances, being intrinsically factbound, do not involve a normative process); *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002); *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000); *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); *Miller-El v. State*, 782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990); *Murphy v. State*, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (plurality opinion on State's motion for rehearing).

When the trial judge declined to hold a hearing on the appellant's motion for new trial, we presume that he knew from the affidavits what the appellant's testimony at a hearing would be, and that, even assuming any such testimony to be accurate and reliable, knew that it would not have influenced his ultimate normative judgment. In that event, the trial court could have concluded, without the necessity of a hearing, that the appellant suffered no prejudice from any deficiency on his trial counsel's part with respect to the assessment of punishment for the original offense.

## CONCLUSION

The appellant's motion for new trial and supporting affidavit raised a matter not determinable from the record, namely, that trial counsel was ineffective for failing to inform him of his right to testify on his own behalf and to enter certain medical records into evidence. However, despite having raised a matter not determinable from the record, the appellant failed to establish reasonable grounds to believe that he could, under *Strickland*, prevail on his claim of ineffective assistance of counsel, entitling him to a new adjudication proceeding. Specifically, by failing to explain how counsel's allegedly unprofessional errors would have changed the trial court's finding of true on all three violations in the State's motion to adjudicate, the appellant failed to show that but for counsel's deficiency the result of the hearing to adjudicate guilt would have been different. Consequently, appellant did not present facts adequate to demonstrate reasonable grounds exist to believe he could prove ineffective assistance of counsel at an evidentiary hearing. Under these circumstances, the

trial court did not abuse its discretion in failing to hold to a hearing on the appellant's motion for new trial.  Accordingly, the judgment of the Court of Appeals is reversed, the trial court's denial of the motion for new trial is affirmed, and the cause is remanded to the court of appeals to address the appellant's second issue—violation of his right to due process.

DELIVERED:      June 17, 2009
PUBLISH