# NO. 12-23-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD EDWARD CURL,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Edward Curl appeals his conviction for aggravated assault with a deadly weapon. In two issues, Appellant contends the trial court erred in denying his requested self-defense instruction and denying his motion for new trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. The indictment included enhancement paragraphs alleging two previous felony convictions, enhancing the charge to that of a habitual offender. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty" and found that Appellant used or exhibited a deadly weapon during the commission of the offense. Appellant elected to have the trial court assess punishment. Following a punishment hearing, the trial court found the allegations of the two prior offenses to be "true" and sentenced Appellant to fifty years imprisonment. Appellant filed a motion for new trial, alleging that exculpatory evidence was withheld and the verdict was contrary to the law and evidence. The trial court acknowledged the presentment of the motion for new trial and denied the motion without a hearing. This appeal followed.

<u>**SELF-DEFENSE INSTRUCTION**</u>

In his first issue, Appellant argues that the trial court abused its discretion in refusing to submit a self-defense instruction in its charge to the jury.

## Standard of Review

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731–32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

The record must show that the defendant suffered actual harm, not merely theoretical harm. *Id.* at 174. In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Farmer v. State*, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

## Applicable Law

A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). This rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

To raise a defensive issue, the evidence must raise each element of the defense. ***Stefanoff v. State***, 78 S.W.3d 496, 499 (Tex. App.—Austin 2002, pet. ref'd). "If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to 'raise' that element." ***Id***. The defendant's testimony alone may be sufficient to raise a defensive issue. ***Williams v. State***, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982). A defendant need not testify in order to raise a defense. ***Boget v. State***, 40 S.W.3d 624, 626 (Tex. App.–San Antonio 2001), *aff'd*, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002). Defensive issues may be raised by the testimony of any witnesses, even those called by the state. ***Jackson v. State***, 110 S.W.3d 626, 631 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). In deciding whether a defensive theory is raised, the evidence is viewed in the light most favorable to the defense. ***Granger***, 3 S.W.3d at 38.

When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on it, the trial court must submit the issue to the jury. ***Muniz v. State***, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion. ***Darty v. State***, 994 S.W.2d 215, 218 (Tex. App.—San Antonio 1999, pet. ref'd). When reviewing a trial court's refusal to submit a defensive instruction, we view the evidence in the light most favorable to the requested instruction. ***Bufkin v. State***, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

"[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2019). A person is justified in using *deadly* force if he would be justified in using force under Section 9.31, and when and to the degree he reasonably believes that the deadly force is immediately necessary to protect himself against another's use or attempted use of unlawful deadly force. ***Id***. § 9.32(a) (West 2019). "Deadly force" is "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." ***Id***. § 9.01(3) (West 2019). A "reasonable belief" is "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." ***Id***. § 1.07(a)(42) (West Supp. 2023). To justify the submission of the instruction, the evidence does not need to show that the victim was actually using or attempting to use unlawful deadly force, because a person has the right to

defend himself from apparent danger as he reasonably apprehends it. ***Jordan v. State***, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020).

**Analysis**

The evidence at trial showed that sisters Shantavia Bolton and SaToddra Hill, Appellant's cousins, arrived at Appellant's residence on April 22, 2023. Bolton testified that Appellant asked her to pick him up and take him to Tyler. Appellant was sitting in his wheelchair across the street from his residence when Bolton arrived. Bolton further testified that Appellant appeared confused and forgot he asked her to take him to Tyler. At that time, she did not notice any guns or alcohol containers.

While Bolton conversed with Appellant, the victim Destry Allen, also Appellant's and the sisters' cousin, pulled up alongside her in his truck. Appellant asked Allen why he was there. Bolton testified that she was unaware of any prior conflict between Allen and Appellant. While she rearranged items in her vehicle to make room for Appellant's wheelchair, "tensions kind of erupt[ed]" between Appellant and Allen. She heard Allen say, "Can I not stop and talk to my cousins?" Appellant replied, "I will shoot you," and pulled out a pistol. Appellant then fired his pistol "three or four times." Prior to that point, Bolton did not see Allen exit his truck, exhibit a weapon, or threaten Appellant. When the shooting started, both Bolton and Allen drove their vehicles to escape. One bullet hit Allen's driver's side door and another hit the front windshield.

Allen testified that on the day of the shooting, he was traveling to visit his grandmother when he saw Bolton and Hill sitting in a vehicle talking with Appellant who was in the middle of the road. Allen pulled up near them, which placed Appellant in the road between the vehicles. Allen yelled out of his truck, "Hey family, how are y'all doing?" According to Allen, Appellant looked angry and his eyes were "real red." Appellant then started cursing at Allen, and Allen noticed guns in Appellant's lap. Allen asked Appellant what he was doing with the guns, to which Appellant replied, "You know what it is." Appellant then cocked his gun and fired at Allen. Allen shifted his truck into reverse to escape.

Prior to the shooting, Allen had no "fallout or disagreement" with Appellant. He denied saying anything aggressive toward Appellant, attempting to exit his truck, or displaying any weapons.

Deputy Magnolia Custer of the Smith County Sheriff's Office testified that she was dispatched when "somebody had been shot at by a male." When Custer arrived, Appellant was

4

on the side of the road opposite his house. Appellant acknowledged having a shotgun and two pistols, which Custer moved out of his reach. Custer testified that the area around Appellant's wheelchair was "littered with beer cans and bottles." He continued drinking alcohol while being questioned, and his words seemed slightly slurred. When Custer asked what happened, Appellant responded "that his cousin was bothering him and he let it rain." "Let it rain" meant "I shot at him." Appellant did not specify how Allen was "bothering" him. Nor did Appellant offer specifics when he told Custer that he felt his family was "out to get him." He also told Custer that he did not feel threatened or intimidated when he began shooting and that Allen did not leave his vehicle or display any weapons. However, Custer agreed on cross-examination that Appellant told her Allen was beginning to leave his vehicle and he warned Allen not to do so. Smith County Sergeant Shawn White also testified that Appellant exhibited signs of intoxication, including bloodshot eyes, slurred speech, and somewhat inappropriate responses to officers' questions.

During the charge conference, Appellant requested a self-defense instruction on grounds that he felt threatened because Allen was "bothering" him and because of two unexpected vehicles positioned near him while he was wheelchair bound. The trial court denied the instruction, finding that no evidence existed to support an instruction on the use of deadly force in self-defense.

Appellant does not contest the evidence that he used deadly force when he shot at Allen. As shown above, the record reveals no evidence that Allen had a weapon. Nor is there any evidence Allen issued any verbal warning of an intent to use deadly force. The evidence is undisputed that Appellant told the officers he felt no fear and did not see a weapon in Allen's hands before he began shooting. As a result, the record contains no evidence that Appellant had a reasonable belief that it was immediately necessary to shoot at Allen to protect himself from Allen's use, or attempted use, of unlawful deadly force. *See* TEX. PENAL CODE ANN. § 9.32(a)(2)(A). The trial court did not abuse its discretion in denying said instruction. We overrule Appellant's first issue.

### MOTION FOR NEW TRIAL

In his second issue, Appellant asserts the trial court erred in denying his motion for new trial without a hearing.

**Standard of Review**

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for presenting issues on appeal in the event the motion is denied. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). The opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, but such a hearing is not an absolute right. *Id*. We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion and reverse only when the trial judge's decision lies outside the zone of reasonable disagreement. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). A trial court is not required to hold a hearing on a motion for new trial if the movant does not request a hearing. *Schneider v. State*, 623 S.W.3d 38, 45 (Tex. App.—Austin 2021, pet. ref'd); *see also Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (reviewing court does not reach question of whether trial court abused its discretion in failing to hold hearing on motion for new trial if no request for hearing was presented).

When a movant does request a hearing on the motion for new trial, no hearing is required when the matters raised in the motion for new trial are determinable from the record. *Hobbs*, 298 S.W.3d at 199. Moreover, to prevent "fishing expeditions," a defendant who *has* raised matters not determinable from the record in a motion for new trial must additionally establish the existence of reasonable grounds showing that the defendant could potentially be entitled to relief. *Id*.; *Smith*, 286 S.W.3d at 339. A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim. *Hobbs*, 298 S.W.3d at 200. The affidavit need not reflect every legal component required to establish relief but must reflect that reasonable grounds exist for the relief sought, and specifically show the truth of the grounds alleged as the basis for a new trial. *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). However, if the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the basis for claimed relief, no hearing is required. *Hobbs*, 298 S.W.3d at 200. Appellate review is limited to the trial judge's determination of whether the defendant raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. *Smith*, 286 S.W.3d at 340. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied; if the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. *Id*.

6

**Analysis**

In his motion for new trial, Appellant asserted without elaboration that (1) the verdict was contrary to the law and the evidence, and (2) evidence tending to establish his innocence was effectively withheld. On appeal, Appellant urges the trial court's denial of his motion for new trial deprived him "of his right to develop exculpatory and mitigating evidence that reasonably would have resulted in a different verdict had Appellant been given timely access to the information." Appellant appears to be referencing the discovery of an indictment concerning Allen.

After jury selection and opening statements, the State informed the trial court that it just learned that Allen was arrested approximately one and one-half years prior for an assault family violence charge. The State explained its belief that Appellant was entitled to the information even though it was unaware whether Allen had been indicted for the incident. It also represented to the trial court that it would not object to Appellant asking witnesses if they knew of Allen's arrest. The trial court discussed with Appellant that the information could potentially impact Appellant's state of mind and reasonableness of his self-defense claim. Later, during the State's case-in-chief, the State and Appellant were provided with an indictment and police report of the incident. The parties also learned that Allen's wife, who since passed away, was the alleged victim and that the case had yet to be dismissed. Appellant specifically told the trial court that he was not seeking a continuance. The State asked Allen whether he was under indictment in another case when Allen testified at trial. Appellant presented no witnesses and did not request a continuance. He did not mention Allen's testimony regarding the indictment at either closing argument or sentencing.

Appellant's motion was not accompanied by an affidavit from either Appellant or any other person. A motion for new trial need not be verified or supported by affidavit if the allegations therein can be determined from the trial record. *See* *Bitterman v. State*, 195 S.W.3d 777, 779 (Tex. App.—Waco 2006, pet. ref'd). However, Texas law does not require a hearing on a motion for new trial if the motion does not raise matters undeterminable from the record. *Hobbs*, 298 S.W.3d at 200. Therefore, if we assume that Appellant's motion required no verification or affidavit in support, then he was not entitled to a hearing on the motion, and the trial court did not err in denying same. *See* *Smith*, 286 S.W.3d at 340.

7

Even assuming *arguendo* that Appellant's motion for new trial *did* raise matters not determinable from the record, and therefore met the first criterion, the lack of verification or a supporting affidavit is dispositive. "As a prerequisite to obtaining a hearing on a motion for new trial, the motion must be supported by an affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." *Crowell v. State*, 642 S.W.3d 885, 889 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Smith*, 286 S.W.3d at 339). "A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits." *Medina v. State*, No. 05-19-01116-CR, 2021 WL 247965, at *1 (Tex. App.—Dallas Jan. 26, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd)).

In either case, because Appellant's motion did not meet the criteria that would entitle him to a hearing on his motion for new trial, the trial court did not abuse its discretion in denying Appellant's request for a hearing. *See Hobbs*, 298 S.W.3d at 200. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 17, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 17, 2024**

**NO. 12-23-00245-CR**

**RICHARD EDWARD CURL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1243-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*