# NO. 12-23-00278-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KORWIN JERARD JONES, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Korwin Jerard Jones, appeals his conviction for continuous trafficking of persons. In two issues, he challenges the trial court's denial of his request to dismiss the venire panel and failure to hold a hearing on his motion for new trial. We affirm.

## BACKGROUND

On January 5, 2023, Appellant was indicted for the offense of continuous trafficking of persons, alleged to have occurred on or about March 1, 2019 through March 15, 2022. The indictment alleged that over a period of greater than thirty days, Appellant "did knowingly traffic, by any means, [S.D.], a child younger than 18 years of age, and by any means caused [S.D] to engage in or become the victim of conduct prohibited by" various sections of the Texas Penal Code, including: (1) Section 43.02 – Prostitution; (2) Section 43.021 – Solicitation of Prostitution; (3) Section 43.03 – Promotion of Prostitution; (4) Section 43.031 – Online Promotion of Prostitution; (5) Section 43.05 – Compelling Prostitution; (6) Section 43.25 – Sexual Performance by a Child; (7) Section 21.11 – Indecency with a Child; and (8) Section 22.022 – Sexual Assault of a Child. The indictment further alleged that Appellant "did knowingly receive a benefit from participating in a venture that involved the trafficking of

[S.D.], a child younger than 18 years of age, and the said victim caused [S.D.] to engage in and become the victim of conduct prohibited by" each of the same sections of the Penal Code. Finally, the indictment alleged that Appellant "did engage in sexual conduct with [S.D.], a child under 18 years of age, knowing [S.D.] had been trafficked and was engaged in, or was the victim of, conduct prohibited by Texas Penal Code Section 43.02 – Prostitution."

During jury selection, counsel for the State stated, "This is the continuous sexual trafficking of children. Okay? So when we get into that—before I jump in, does anybody—" Defense counsel objected, and the parties approached the bench, where the following conversation occurred:

> DEFENSE: The allegation in the indictment is trafficking of a person continuous. It is not continuous trafficking of children.
>
> STATE: It's a person under 18. It's a child.
>
> COURT: All right. I didn't see "child" listed in here. Indecency with a child. So some aspects. But he is correct on the -- how you phrase it.
>
> STATE: Okay.
>
> COURT: I sustain the objection.
>
> …
>
> DEFENSE: Your Honor, I would ask the Court to admonish the panel of what your ruling was on that to correct them.
>
> COURT: All right.
>
> …
>
> DEFENSE: Further, I would move to dismiss this panel because of what counsel has just done. I don't believe that we can cure. But I would ask for the instruction to the panel.
>
> COURT: Well, now, I'm going to – I sustained your objection.
>
> DEFENSE: Yes, sir.
>
> COURT: I told him to state it more correctly than he did.
>
> DEFENSE: Yes, sir.
>
> COURT: And I'm happy to instruct them to disregard the statement, ignore the statement. I'm not going to dismiss this panel.
>
> DEFENSE: Understood.
>
> COURT: And truth be known, there's several of these paragraphs that talk about the victim being a child. … So it's kind of really close as to whether I need to tell them anything. But if you're asking, I will do it.
>
> COURT: (addressing the venire) All right. I've sustained the defense's objection. You'll disregard the last statement by -- made by counsel, and he'll restate it again.
>
> STATE: (addressing the venire) It's an umbrella offense. It's continuous trafficking of a person, and that offense has certain different predicate offenses underneath it. So there's trafficking, and the manner and means by which someone traffics another person is listed

2

out. … One of the things we have to prove is that the victim in this case is a child under the age of 18 to satisfy those manner and means.

At the conclusion of the guilt-innocence phase of trial, the jury found Appellant "guilty" of the charged offense and imposed a sentence of sixty years' imprisonment. Appellant subsequently filed a motion for new trial which was overruled by operation of law. This appeal followed.

## MOTION TO DISMISS VENIRE

In his first issue, Appellant contends that the trial court should have dismissed the venire panel pursuant to his request, due to the State's misstatement of the charged offense.

## Standard of Review and Applicable Law

Appellate courts review a defendant's request to strike or dismiss the jury panel under the same standard as a motion for mistrial. *See* **Dupuy v. State**, 631 S.W.3d 233, 240 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (denial of motion for mistrial based on improper comment by venireperson during voir dire is "functional equivalent of a refusal to quash the jury panel"); **Castro v. State**, No. 14-08-01156-CR, 2010 WL 3418273, at *3 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication) (motion to strike the venire panel is equivalent to a motion for a mistrial); **Alvarez v. State**, 804 S.W.2d 617, 619 (Tex. App.—El Paso 1991), *aff'd*, 864 S.W.2d 64 (Tex. Crim. App. 1993). As the equivalent of a motion for mistrial, we review the trial court's ruling on appellant's request to dismiss the venire panel for an abuse of discretion, and uphold that ruling if it was within the zone of reasonable disagreement. **Castro**, 2010 WL 3418273, at *4 (citing **Webb v. State**, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007)). Mistrial is the appropriate remedy when error is so prejudicial that expenditure of further time and expense would be futile. **Ladd v. State**, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). It is a remedy required only in extreme circumstances when prejudice is incurable and less drastic alternatives have been explored. **Ocon v. State**, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

In analyzing whether the prejudicial event is so harmful that the trial court should have granted a mistrial, we consider (1) the severity of the misconduct (that is, the magnitude of any prejudicial effect of the remark at issue), (2) the curative measures taken (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the prejudicial event. **Austin v. State**, 222 S.W.3d 801, 815 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd)

(citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). Ordinarily, a prompt instruction by the trial court to disregard will cure error associated with an improper question, answer, or argument. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We generally presume that a jury followed the judge's instruction to disregard absent evidence that it did not. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Michaelwicz v. State*, 186 S.W.3d 601, 620 (Tex. App.—Austin 2006, pet. ref'd) (citing *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987)).

**Analysis**

The allegedly prejudicial event in this case is the prosecutor's incorrect reference to the offense with which Appellant was charged as "continuous trafficking of children" rather than "continuous trafficking of persons." Assuming *arguendo* that this statement constituted misconduct,[1] we cannot conclude that the extent of prejudice was so great here as to render ineffectual a firm and timely curative instruction. The alleged misconduct was not extreme in nature—the prosecutor's misstatement was singular and appears inadvertent rather than calculated. *See Hawkins v. State*, 135 S.W.3d 72, 83 (Tex. Crim. App. 2004). We further note that the magnitude of any prejudicial effect was likely diminished given the rest of the record. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). As the trial court noted, the indictment correctly named the charged offense, but also alleged multiple predicate offenses which claimed as an element that the victim, S.D., was "a child younger than 18 years of age." Similarly, the jury charge correctly identified the charged offense as "continuous trafficking of persons."

Further, upon Appellant's objection and request for a curative instruction, the trial court expediently informed the venire panel to disregard the incorrect reference. Thereafter, the prosecutor rephrased his statement to (1) use the correct name for the charged offense and (2) clarify that the reference to "children" was instead related to the predicate offenses the State intended to prove. The law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury, and the record in this case contains no evidence to the contrary. *See Reed v. State*, 421 S.W.3d 24, 33 (Tex. App.—Waco 2013, pet.

---

[1] We are mindful that "[g]enerally, a prosecutor's statements during *voir dire* will not constitute error unless they are contrary to the trial court's charge." *McAfee v. State*, 467 S.W.3d 622, 640 (Tex. App.—Houston 2015, pet. ref'd). However, the State does not dispute that the prosecutor's statement was not wholly accurate as to the title of the charged offense.

ref'd) (judge's misstatement that defendant was charged with "continuous sexual abuse of a child" rather than "aggravated sexual assault of a child" cured by instruction to disregard). Accordingly, we must presume that the potential jurors understood that Appellant was charged with continuous trafficking of persons, rather than continuous trafficking of children. *See id.*

The third factor—the certainty of conviction absent the event at issue— also weighs in favor of the trial court's ruling. Multiple law enforcement personnel testified regarding the process of investigating Appellant's involvement with sex trafficking in general and his trafficking of S.D. in particular. The jury heard testimony from several other women for whom Appellant served as a "pimp" during the time he was alleged to have trafficked S.D., including their observations of S.D.'s behavior. S.D. also testified extensively about her association with Appellant and his role in facilitating her participation in prostitution, including maintaining contact with clients, negotiating rates, and creating and posting advertisements, as well as his receipt of the money she obtained from clients. Notably, S.D. testified that she was eventually arrested for offenses related to prostitution and turned eighteen years old while in jail; thus, she was certain that she was a minor for the entire duration of her association with Appellant. We conclude that the State presented substantial evidence of Appellant's guilt and it is highly likely the jury would have reached the same verdict even absent the prosecutor's misstatement. *See Newby v. State*, 252 S.W.3d 431, 439 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd).

In summary, from this record, we cannot conclude that the prosecutor's brief misstatement was so egregious or inflammatory that it was not cured by the trial court's instruction to disregard. We discern no abuse of discretion in the trial court's denial of Appellant's motion to dismiss the venire panel. *See Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Ladd*, 3 S.W.3d at 567. Consequently, we overrule Appellant's first issue.

## HEARING ON MOTION FOR NEW TRIAL

In his second issue, Appellant claims that the trial court abused its discretion by overruling his motion for new trial by operation of law without conducting a hearing.

## Standard of Review and Applicable Law

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion and reverse only when the trial judge's decision lies outside the zone of reasonable

disagreement. ***Hobbs v. State***, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for presenting issues on appeal in the event the motion is denied. *See* ***Smith v. State***, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). The opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, but such a hearing is not an absolute right. ***Id.*** To be entitled to a hearing, the motion for new trial must raise matters which are not determinable from the record and establish the existence of reasonable grounds showing that the defendant could be entitled to relief. ***Id.*** at 338-39. A motion for new trial which raises matters not determinable from the record must also be supported by an affidavit specifically setting out the factual basis for the claim. ***Hobbs***, 298 S.W.3d at 200.

## Analysis

In Appellant's motion for new trial, he briefly asserts, "The evidence introduced in this case was insufficient to sustain the conviction." Appellant's motion contains no request for a hearing and was not accompanied by an affidavit from either Appellant or any other person.

As an initial matter, we note that it appears Appellant failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). A complaint regarding the lack of a hearing is preserved by a timely filed and presented motion for new trial that requests a hearing. *See* ***Rozell v. State***, 176 S.W.3d 228, 230–31 (Tex. Crim. App. 2005) (reviewing court does not reach question of whether trial court abused its discretion in failing to hold hearing on motion for new trial if no request for hearing was presented). Although the record reflects that Appellant timely filed his motion for new trial, it does not reflect that he requested a hearing on the motion. Instead, he asked the trial court to sustain his motion and order a new trial, and the motion was subsequently overruled by operation of law. Because Appellant did not request or otherwise indicate that he wanted a hearing, the trial court could not have abused its discretion in failing to hold one. ***Schneider v. State***, 623 S.W.3d 38, 45 (Tex. App.—Austin 2021, pet. ref'd); ***Gallegos v. State***, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd).

Even assuming *arguendo* that Appellant requested a hearing in some manner not apparent from the record, the lack of verification or a supporting affidavit is dispositive to any

6

determination of whether the trial court abused its discretion.[2] "As a prerequisite to obtaining a hearing on a motion for new trial, the motion must be supported by an affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." *Crowell v. State*, 642 S.W.3d 885, 889 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Smith*, 286 S.W.3d at 339). "A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits." *Medina v. State*, No. 05-19-01116-CR, 2021 WL 247965, at *1 (Tex. App.—Dallas Jan. 26, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd)).

For these reasons, we overrule Appellant's second issue.

## DISPOSITION

Having overruled both of Appellant's issues, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] A motion for new trial need not be verified or supported by affidavit if the allegations therein can be determined from the trial record. *See Bitterman v. State*, 195 S.W.3d 777, 779 (Tex. App.—Waco 2006, pet. ref'd). However, Texas law does not require a hearing on a motion for new trial if the motion does not raise matters undeterminable from the record. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). Therefore, if we assume that Appellant's motion required no verification or affidavit in support, then he was not entitled to a hearing on the motion, and the trial court did not err in denying same. *See Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00278-CR**

**KORWIN JERARD JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0010-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*