

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00220-CR
_____

ARLEEN THERES KEITHLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 3296, Honorable Kathryn H. Gurley, Presiding

March 14, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This appeal questions whether the trial court was required to hold a hearing on a motion for new trial alleging ineffective assistance of counsel. The purpose of a hearing on a motion for new trial is to decide whether the cause shall be retried and to prepare a record for presenting issues on appeal. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). Before a defendant is entitled to a hearing on a motion for new trial alleging ineffective assistance of counsel, he must allege sufficient facts from which a trial court

could reasonably conclude *both* that counsel's representation was deficient *and* that but for the deficient performance, there is a reasonable likelihood that the outcome of the trial would have different. *Id.* at 341. (Emphasis in original).

Following open pleas of guilty, Appellant, Arleen Theres Keithley was convicted in Count I of possession of a controlled substance in an amount of four grams or more but less than 200 and sentenced to confinement for twelve years. She was also convicted in Count II of abandoning or endangering a child by placing the child in imminent danger of death, bodily injury, physical or mental impairment and was sentenced to ten months in a state jail facility.[1] The sentences were ordered to run concurrently. By a sole issue, she maintains the trial court abused its discretion in not holding a hearing on her motion for new trial alleging numerous instances of ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant has a long criminal history of drug-related and other non-violent offenses spanning over two decades. The current offenses are the result of a raid on her home for dealing methamphetamine while her teenage daughter was present. Appellant is in her forties, and, at the time of the revocation hearing, she was on federal community supervision.

At the conclusion of the revocation hearing, the trial court acknowledged Appellant's recent successes but also considered nineteen felony arrests, eight

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 22.041(c).

2

convictions, four community supervisions with two revocations, and a felony with a revocation. The trial court found her guilty of both offenses.

**WAS A HEARING ON APPELLANT'S MOTION FOR NEW TRIAL REQUIRED?**

Appellant contends the trial court abused its discretion by failing to hold a hearing on her motion for new trial in which she raised numerous instances of what she claims amounted to ineffective representation. We disagree.

The right to a hearing on a motion for new trial raising ineffective assistance of counsel is not absolute. *Id.* As a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, a defendant must support the motion by an affidavit setting out the factual basis for the allegations. *Id.* at 339. Affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed and thus, no hearing is required. *Id.* We review the trial court's denial of a hearing on a motion for new trial for abuse of discretion. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). Our review is limited to the trial court's determination of whether the defendant raised grounds which are both undeterminable from the record and reasonable. *Smith*, 286 S.W.3d at 340. If the defendant meets the criteria, a trial court has no discretion to withhold a hearing. *Id.*

A claim of ineffective assistance has two elements: (1) deficient performance (fell below an objective standard of reasonableness) and (2) prejudice (a reasonable probability of a better outcome but for the deficient performance). *State v. Hradek*, No. PD-0083-23, 2024 Tex. Crim. App. LEXIS 1012, at *19 (Tex. Crim. App. Dec. 11, 2024)

3

(citing *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

By her motion for new trial, Appellant alleged the following acts or omissions by counsel:

- failure to obtain and/or review discovery;

- incorrectly leading her to believe an open plea *would* lead to probation, and advising her to waive her right to a jury;

- failure to visit, advise, or discuss the facts of the case in any meaningful way prior to her open pleas;

- failure to request an investigation or locate and interview witnesses;

- failure to secure the presence of material witnesses (Michael Hasley and Appellant's mother) to support defensive issues;

- failure to move for a continuance if unable to secure material witness's presence;

- failure to elicit favorable testimony from the State's rebuttal witness in support of her only legitimate defenses (self-defense and defense of a third party); and

- failure to investigate or present any mitigating evidence.

Appellant attached her affidavit to the motion.[2]

Despite Appellant's allegations of ineffective representation, she did not allege that but for his conduct, the result of her trial would have reasonably resulted in a different outcome. Without such an allegation, the trial court was not required to hold a hearing

---

[2] The State responded to Appellant's motion for new trial. The State acknowledged defense counsel's years of knowledge and experience, and reasoned Appellant was not entitled to a new trial on guilt-innocence or punishment. The response included an affidavit from Appellant's trial counsel explaining his strategic decisions.

on the motion.  *Smith*, 286 S.W.3d at 341.  We conclude the trial court did not abuse its discretion in not holding a hearing on Appellant's motion for new trial.[3]  Her sole issue is overruled.

**CONCLUSION**

The trial court's judgments are affirmed.

Alex Yarbrough<br>Justice

Do not publish.

---

[3] We note that during trial, Appellant was asked if she was "satisfied that the lawyer representing you today has fully investigated your case."  She answered, "[y]es."  She was also asked if she was "satisfied with the advice and representation you've received."  She again answered, "[y]es."