

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00341-CR

MYRON OTHEN STILES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 11,876, Honorable James M. Mosley, Presiding

June 29, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Myron Othen Stiles, appeals his convictions for two counts of Indecency with a Child by Sexual Contact. Through a single issue, appellant contends that his counsel was ineffective when counsel failed to object to the prosecutor's closing arguments pertaining to bolstering and interjecting personal opinion. We affirm.

To prevail on a claim of ineffective assistance, the complaining party must show not only that his counsel's performance fell below an objectively reasonable standard but that he was prejudiced by that deficiency. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim.

App. 2002).  Furthermore, to be prejudicial, the record must show that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

We note that aside from the conclusory statement that the defense counsel "destroyed any chance of a fair trial," appellant provided no substantive analysis addressing how there existed a reasonable probability that the result would have differed had the objections been made and sustained.  And, while we may speculate on the matter, the task is not ours to perform for him.  So, even assuming *arguendo* that trial counsel's efforts were deficient (which we do not decide), appellant did not carry the burden imposed upon him by *Bone.  See Smith v. State,* 286 S.W.3d 333, 345 (Tex. Crim. App. 2009) (holding that "by failing to explain how counsel's allegedly unprofessional errors would have changed the trial court's finding of true on all three violations in the State's motion to adjudicate, the appellant failed to show that but for counsel's deficiency the result of the hearing to adjudicate guilt would have been different"); *Ladd v. State,* 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (stating that the failure to prove the prejudice prong bars relief).

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.