

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00001-CR
_____

LELAND HARRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-407,973, Honorable William R. "Billy" Eichman, Presiding

September 2, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Leland Harris appeals from a judgment revoking his community supervision and sentencing him to seven year's imprisonment. His sole issue concerns whether the trial court erred in denying his motion to suppress evidence prior to revoking his community supervision. We overrule the issue and affirm.

The trial court initially convicted appellant of driving while intoxicated for the third time, levied sentence, suspended sentence, and placed him on community supervision for ten years. That occurred in 2015. The State moved to revoke his community

supervision. It averred that he violated approximately 11 conditions of it, some multiple times. In response, appellant moved to suppress certain evidence found on his person as a result of a search. He believed the search violated his Fourth Amendment constitutional rights. The trial court conducted a hearing on that motion and denied it. So too did it convene a hearing on the amended motion to revoke. Upon hearing evidence and argument, it found that appellant violated at least eight of the conditions, some multiple times, granted the motion to revoke, and levied the aforementioned sentence.

As evinced by the record and the judgment, the trial court found that appellant violated multiple conditions of his community supervision. Several involved the discovery of a controlled substance in his pocket. Several did not. As is well known, the trial court finding evidence of the violation of any one condition suffices to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (stating that proving one ground for revocation would support the trial court's order revoking community supervision). Having found violations of multiple conditions unrelated to the discovery of a controlled substance in appellant's pocket, the trial court had sufficient basis to revoke that supervision. Furthermore, courts have ruled that error related to proving one violation may be harmless when other violations were sufficiently established. *See, e.g.*, *Pleasant v. State,* No. 01-14-00586-CR, 2015 Tex. App. LEXIS 5068, at *6 (Tex. App.—Houston [1st Dist.] May 19, 2015, no pet.) (mem. op., not designated for publication) (involving multiple violations underlying the decision to revoke and concluding that "[b]ecause Klyng's oral testimony and Pleasant's own admission amply support the trial court's finding that Pleasant failed to complete the required community service hours,

we conclude that error in taking judicial notice of the contents of Pleasant's probation file, if any, would not warrant reversal").

Here, though, while the trial court explained which violations it found true, it made comments that raise question about whether the supposed error actually influenced its decision. One consisted of saying: "obviously the most important one [i.e., violation] to the Court is the new offense on possession of meth." That was preceded by another consisting of the court saying that it did not "like doing it [i.e., revoking], but I don't have a choice when you commit a new felony drug offense while on DWI probation, felony probation." Both passages reveal that appellant's commission of a new drug offense evinced by the discovery of methamphetamine in his pocket played an influential role in the ultimate ruling. And, it was the discovery of drugs in his pocket that underlies appellant's motion to suppress. That circumstance leads us to conclude the proper means of proceeding involves our addressing the substantive issue first. If the answer to that question favors appellant, only then need we consider the matter of harm.

As for the substantive issue, it concerns the denial of a motion to suppress. The standard of review is one of abused discretion. *Wexler v. State*, __ S.W.3d __, __, 2021 Tex. Crim. App. LEXIS 630, at *6 (Tex. Crim. App. June 30, 2021). If it falls within the zone of reasonable disagreement, it is not an instance of such abuse. *Id.*

The issue before us implicates consent, its lapse, the plain view doctrine, and a search incident to arrest. With that, we turn to the evidentiary record.

According to the record, two officers approached the abode in which appellant lived and found appellant standing within a garage. The door of the garage was open sufficiently to allow people to both enter and see the general contents and people within.

The officers had appeared there to arrest a third party (Duff) pursuant to an arrest warrant. An officer solicited consent from appellant to enter the garage, to which solicitation appellant agreed. Appellant had a knife in his hand and placed it on a bench or table when asked to do so by the officer.

Upon entering the garage, the officer noticed atop another table or bench near appellant a propane torch and a "rail" or pipe used for smoking methamphetamine. The two talked briefly during which conversation 1) cable installers worked within the garage, 2) appellant revealed that Duff was within the abode, and 3) Duff actually walked from the house, through the garage, and toward the driveway. The officer asked Duff to step out. Duff complied and underwent arrest.

After his arrest, Duff was offered a cigarette and asked if he had a lighter. Duff answered in the negative. An officer then walked towards the garage, approached appellant who stood by its opening, and asked if he had a lighter. Appellant turned and walked further into the garage in search of one. The officer followed without objection from appellant.

Appellant removed a lighter from a bench table and handed it to the officer. Upon denying whether he knew if it worked, the officer asked appellant if he was "clean." Appellant replied that he was. That resulted in the officer referring appellant to the "rail" or pipe spied earlier. The officer also sighed and observed that he (the officer) thought appellant had "gotten rid of all these people and all this kind of stuff." This comment was in reference to appellant continuing his involvement with narcotics, according to the officer. Appellant replied by saying he had thought he had too.

The two engaged in further discussion about who lived in the house.  As it ended, the officer began to direct appellant towards the garage door when he asked if appellant had anything illegal on his person.  Upon hearing the question, appellant hesitated and reached into his shorts' pocket.  The officer stopped him and then began removing items from those pockets.  The items removed included a vial and a lighter.  The vial contained a crystalline substance appearing to be methamphetamine.  It was the discovery of that substance appellant sought to suppress.

Appellant does not deny that the officers had consent to initially enter the garage. During that entry, items appearing to be drug paraphernalia were spied in plain view atop a work bench.  TEX. HEALTH & SAFETY CODE ANN. § 481.002(17) (West Supp. 2020) (defining drug paraphernalia as including equipment, a product, or material that is used or intended for use in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance).  The possession of drug paraphernalia is a criminal offense.  *Id.* § 481.125(a) (West 2017); *Perez v. State,* No. 07-06-0434-CR, 2008 Tex. App. LEXIS 5609, at  *8 n.5 (Tex. App.—Amarillo July 28, 2008, no pet.) (mem. op., not designated for publication).  Thus, the officer who initially entered the garage with appellant's consent had probable cause to believe that a crime occurred in his presence. That justified his subsequent re-entry immediately after Duff's arrest and seizure of the items of contraband previously seen.  That is, the officer had probable cause to arrest appellant upon initially seeing the drug paraphernalia.  That he left the garage momentarily to arrest Duff did not alter that circumstance.  At this point, words uttered by our sister court in *Johnson v. State*, 161 S.W.3d 176 (Tex. App.—Texarkana 2005), *aff'd on other grounds,* 226 S.W.3d 439 (Tex. Crim. App. 2007), become rather profound.

5

"While the entrance to a home is to be carefully guarded, the act of crossing the threshold into the home does not necessarily control the analysis; rather, the question is the discovering officer's right to be where he or she is when the object is seen in 'plain view.'" *Id.* at 184. If the officer had the right to be where he or she encountered the contraband in plain view, subsequently re-entering the area to seize that property is permissible. *Id.* at 185; *accord Tex. v. Brown*, 460 U.S. 730, 739, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983) (stating that "[w]hen a police officer has [lawfully] observed an object in 'plain view,' the owner's remaining interests in the object are merely those of possession and ownership . . . . Likewise, . . . requiring police to obtain a warrant once they have [lawfully] obtained a first-hand perception of contraband, stolen property, or incriminating evidence generally would be a 'needless inconvenience,' . . . that might involve danger to the police and public"); *see Carmen v. State*, 358 S.W.3d 285, 294 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (stating that "[b]ecause the subsequent search merely documented what had already been observed in plain view during the initial, reasonable search, we conclude that trial court properly overruled appellant's objections").

Once lawfully back in the garage and in appellant's presence, that officer had the authority to both seize the drug paraphernalia and arrest him. *See Paulea v. State,* No. 04-09-00293-CR, 2010 Tex. App. LEXIS 2215, at *23–24 (Tex. App.—San Antonio Mar. 24, 2010, pet. ref'd) (mem. op., not designated for publication) (noting that an officer's observing drug paraphernalia within an accused's possession creates probable cause to arrest). Having probable cause to arrest, he also had the authority to conduct a search incident to that arrest, which search could encompass his pockets. *Denny v. State*, No. 01-03-00670-CR, 2004 Tex. App. LEXIS 11093, at *12–13 (Tex. App.—Houston [1st

6

Dist.] Dec. 9, 2004, no pet.) (mem. op., not designated for publication) (concluding that because the officer had probable cause to arrest Denny, the officer was entitled to search Denny's pockets incident to the arrest even if Denny had yet to be formally arrested). That appellant may or may not have been formally under arrest when the search occurred matters not. *Williams v. State,* 726 S.W.2d 99, 101 (Tex. Crim. App. 1986) (stating that "the fact that the search incident to the arrest preceded the formal custodial arrest by a few moments is of no consequence"); *Houghtaling v. State*, No. 10-17-00038-CR, 2018 Tex. App. LEXIS 6464, at *8 (Tex. App.—Waco Aug. 15, 2018, no pet.) (mem. op., not designated for publication) (stating the same). And, it was during that lawful search of appellant's pockets that the drugs were found.

The trial court's decision to deny the motion to suppress fell within the zone of reasonable disagreement. It was not an instance of abused discretion or error. That means we need not address harm. Accordingly, we overrule the sole issue before us and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.

7