

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00200-CR

---

MATTHEW RYAN HUBBELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 078539-E-CR, Honorable Douglas Woodburn, Presiding

---

March 20, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Matthew Ryan Hubbell, was found guilty by a jury of murder.[1]  By his two issues, he challenges his conviction based on: (1) the sufficiency of the evidence supporting his conviction; and (2) the ineffective assistance of his counsel during the punishment phase of the trial.  We affirm.

---

[1] TEX. PENAL CODE ANN. §19.02(b).

BACKGROUND

Since 2006, Appellant lived in Amarillo while his mother worked in New York City for Barnes & Noble. In 2018, his mother was laid off by Barnes & Noble, and she returned to live with Appellant in his home in Amarillo. A year later, Appellant and his mother had an altercation in which he clubbed his mother over the head repeatedly with a crowbar in his bedroom. He dragged her body to the bathroom and put it in the bathtub. Unsure of what to do, he called his closest friend, and they met to discuss how to dispose of the body. The friend, who worked for a lawncare company at the time, loaned him a shovel and a corrosive chemical to accomplish the task. Appellant also showed the friend a bite mark he received on his arm during the altercation, and the friend thought it was too small to be an adult. Afraid Appellant had in fact killed a child, the friend called the police.

While attempting to locate Appellant's whereabouts, the investigating officers convinced the friend to call Appellant and engage him in conversation, which was video recorded on an officer's bodycam. During the phone conversation, Appellant did not explicitly confess to the murder, but he claimed he "did it" because she threatened to "put [him] in jail" and "came at [him] with a crowbar." Appellant did not disclose his location during the phone conversation, and officers were unable to ascertain his whereabouts based on cellphone tower data during the call. Homicide detectives assigned to the case performed a database search and located an address belonging to Appellant's mother. The detectives investigated the house and found Appellant's car parked in the driveway. They obtained a search warrant for the house and requested Appellant exit the house. He finally exited the house and was detained; and police entered the house and discovered a decomposing body in the crawlspace beneath his house. Appellant was

2

arrested and charged with murder. During the autopsy, the forensic pathologist noted the decomposition of the body indicated she had died within the prior three-to-five days.

At trial, Appellant pleaded not guilty under a theory of self-defense. He did not contest the issue of whether he had killed his mother or the manner in which she was killed. He testified his mother had been declining mentally, and that her behaviors had become more abusive after she returned to Amarillo. He told the jury his mother's mental degradation finally resulted in her attacking him with a knife while he was napping in his bedroom. He claimed he accidentally killed her while defending himself from the knife attack. The State rebutted the theory by playing video evidence showing Appellant's mother walked to a convenience store shortly before her death to buy snacks and cigarettes and showed no apparent signs of mental decline. The forensic pathologist who conducted the autopsy also testified his mother was hit "at least five times on the face and five on the head." After deliberation, the jury found Appellant guilty of murder.

During the punishment phase, neither the State nor Appellant's counsel introduced any additional witnesses or evidence. Both the State and Appellant's counsel made arguments regarding the amount of punishment, including a special issue on whether, by a preponderance of the evidence, "he caused the death under the immediate influence of sudden passion arising from an adequate cause."[2] The jury did not find in favor of Appellant on the special issue and sentenced him to the maximum punishment: ninety-nine years' imprisonment and a $10,000 fine.

**ISSUE ONE—SUFFICIENCY OF THE EVIDENCE**

---

[2] TEX. PENAL CODE ANN. § 19.02(d).

3

For his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Primarily, he argues the evidence was insufficient for finding he did not in fact defend himself in the act of killing his mother. Alternatively, he urges the evidence was sufficient by a preponderance to prove the special issue.

## STANDARD OF REVIEW

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

## ANALYSIS

We first examine the sufficiency of the evidence with respect to the offense of murder. Relevant to the case before us, a person commits murder if the person:

(1) intentionally or knowingly causes the death of an individual; [or]

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE ANN. § 19.02(b)(1), (2).

4

In this case, Appellant did not contest he committed an act clearly dangerous to human life—hitting someone over the head with a crowbar—that caused the death of an individual. Rather, he argues the evidence regarding his motivation for the killing established he hit his mother in self-defense after she attacked him with a knife. He urges his self-defense claim was corroborated not only by the physical evidence, but his own testimony, which was not contested by any other witness or evidence presented by the State.

A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Braughton v. State*, 569 S.W.3d 592, 609 (Tex. Crim. App. 2018) (quotations and citation omitted). In resolving the sufficiency of the evidence, we look not to whether the State presented evidence which refuted Appellant's self-defense testimony but rather we determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against Appellant on the self-defense issue beyond a reasonable doubt. *Id.* Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence. *Id.*

Here, Appellant did not present any evidence which was inconsistent with the physical evidence. Only his explanation of the murder differed from the State's: his mother attacked him with a deadly weapon—a knife—and he acted in self-defense. He was also the only witness to the events. But by returning a verdict of guilty, the jury clearly

5

discredited Appellant's explanation of the events and concluded Appellant did not act in self-defense. *Womack v. State*, No. 07-19-00399-CR, 2021 Tex. App. LEXIS 6091, at *8 (Tex. App.—Amarillo July 29, 2021, pet. ref'd) (mem. op., not designated for publication) (factfinder is the sole judge of the credibility of witnesses). In addition, even though only a preponderance of the evidence was required to prove the special issue, Appellant's special issue claiming he acted out of "sudden passion" rested on his testimony his mother provoked him by attacking him. Having already discounted his testimony he acted in self-defense, the jury necessarily did not find he was provoked by his mother.[3] Thus, Appellant also failed to prove by a preponderance of the evidence he acted out of sudden passion.

The evidence was sufficient for a rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt and also to have found against Appellant on the self-defense issue beyond a reasonable doubt. *Braughton,* 569 S.W.3d at 609. We overrule Appellant's first issue.

### ISSUE TWO—INEFFECTIVE ASSISTANCE OF COUNSEL

For his second issue, Appellant claims he received ineffective assistance of his counsel in violation of his Sixth Amendment rights under the United States Constitution.

### STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, appellant must show both deficient performance and prejudice. *Williams v. State*, 301 S.W.3d 675, 687 (Tex.

---

[3] "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. § 19.02(a)(2).

6

Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). In assessing a claim of ineffective assistance, an appellate court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Williams*, 301 S.W.3d at 687 (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *Id.* While the ultimate question of prejudice under *Strickland* is reviewed de novo, the trial court is afforded total deference on any underlying historical fact determinations. *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005); *accord State v. Hradek*, __ S.W.3d__, 2024 Tex. Crim. App. LEXIS 1012, (Tex. Crim. App. 2024).

### ANALYSIS

Appellant complains his trial counsel failed to introduce any witnesses during the punishment phase of his trial, and this resulted in the jury applying the maximum punishment. To establish a claim based on ineffective assistance, an appellant must show (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing *Strickland*, 466 U.S. at 687). In other words, an appellant must show his trial counsel's performance was deficient *and* he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017) (emphasis added). Prejudice is not presumed and must be demonstrated by an appellant, even when he

7

alleges counsel's performance was deficient during the punishment phase of the trial. *See Rompilla v. Beard*, 545 U.S. 374, 390, 125 S. Ct. 2456, 2467 (2005).

Assuming *arguendo* his counsel's performance was deficient during the punishment phase of trial, Appellant does not make any argument or point to any evidence in the record demonstrating a reasonable probability that, but for counsel's deficiency, the resulting sentence would have been different. Therefore, he has failed to meet the second prong of *Strickland* and cannot prevail on his claim of ineffective assistance of counsel. *Smith*, 286 S.W.3d at 340–41.

Appellant's second issue is overruled.

### CONCLUSION

We affirm the judgment of the trial court.

Alex Yarbrough<br>Justice

Do not publish.