In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00331-CR**
_____

**MICHAEL ADAM ALVEAR JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-06-08419-CR**

**MEMORANDUM OPINION**

A jury convicted Michael Adam Alvear Jr. of the second-degree felony offense of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1), (c), (d). The jury then assessed punishment at ten years of confinement, and the trial court sentenced him accordingly. In one issue, Alvear complains that the trial court abused its discretion for failing to grant him a hearing on his Motion for New Trial on Punishment asserting ineffective assistance of counsel. We hold that since Alvear did not establish the existence of reasonable grounds showing that

he was entitled to relief, he was not entitled to a hearing on his Motion for New Trial on Punishment. For the reasons discussed below, we will affirm the trial court's judgment.

## Background[1]

Evidence established that Alvear forced his biological daughter to masturbate him. A jury found Alvear guilty of the second-degree felony offense of indecency with a child by contact. *See id.* The punishment range for the offense was two to twenty years in prison plus the possible imposition of a fine up to $10,000. *See id.* § 12.33.

Before trial, Alvear filed an Application for Community Supervision from the Jury claiming that he had never been convicted of a felony. Alvear supported his Application with a Declaration executed under penalty of perjury which stated it was "true and correct." The Application for Community Supervision was not admitted into evidence at trial, and during the punishment phase, no evidence was admitted regarding Alvear's lack of prior felony convictions.

That said, during voir dire, the State and defense questioned the panel about the punishment range, noting that probation was a possibility. The State represented

---

[1] We limit our discussion of background facts to those necessary to the appeal's resolution. *See* Tex. R. App. P. 47.1 (requiring an appellate court to hand down an opinion as brief as practicable but that addresses every issue raised and necessary to the appeal's resolution).

that Alvear was eligible for probation and asked if the panel members could consider probation. No evidence was adduced during the trial that Alvear had been convicted of any prior felonies. Alvear testified during punishment and asserted: (1) that the jury's verdict was incorrect, and (2) everyone lied but him. A court liaison also testified that Alvear's bond was revoked for violating certain conditions, specifically, he missed seven drug tests. The liaison also agreed that a person's ability to abide by bond conditions provide a snapshot as to whether they would comply with community supervision requirements. In closing arguments, trial counsel asked the jury to recommend community supervision. The State argued in closing that Alvear did not "deserve" community supervision based on his lack of contrition and assertion that everyone was lying but him.

The court's charge on punishment instructed the jury as follows:

> If you believe from the evidence that the Defendant has never before been convicted of a felony in this state, any other state, or in the United States, and if you assess the punishment of the Defendant at confinement for a term of not more than 10 years, you may recommend community supervision for the Defendant.
> As required by law, the Defendant has filed, before trial, an affidavit stating that the Defendant has never been convicted of a felony in this state, any other state, or in the United States to be eligible for you to consider placing the Defendant on community supervision.
> "Community Supervision" means the placement of a Defendant by a Court under a continuum of programs and sanctions, with conditions imposed by the Court for a specified period during which a sentence of imprisonment, fine, or imprisonment and fine, is probated and the imposition of sentence is suspended in whole or in part.
> Whether you do or do not recommend community supervision for the Defendant is a matter that rests within the sound discretion of

3

the jury. However, if you do recommend community supervision, the Court is required by law to follow the jury's recommendation.

If you recommend that the Defendant be placed upon community supervision, the Court shall determine the conditions of community supervision and may alter or modify the conditions, at any time during the period of community supervision. The Court may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the Defendant. Should the punishment assessed by you include a fine, a recommendation of community supervision should state whether or not the fine will be paid, or be suspended and probated.

You may not recommend that part of the period of confinement be served by incarceration and part by community supervision.

Let your verdict show the punishment which you assess, which shall be any term of years authorized for the offense for which the Defendant has been convicted and, in your discretion a fine authorized for the offense, and whether or not you recommend community supervision. If you do not recommend that the Defendant be placed on community supervision, you will say nothing in your verdict concerning the same.

The verdict form on punishment also included an option for recommending community supervision, after the jury answered the question about the sentence term. The jury assessed a prison term of ten years with no fine and did not sign the blank in the verdict form indicating that they recommended community supervision. Once the jury returned its punishment verdict, the trial court noted that there was no signature beneath the paragraph recommending community supervision. The trial court then asked whether the jury's verdict was not to probate the sentence, and the jury confirmed they did not recommend probating the sentence.

Alvear timely filed his Motion for New Trial and Motion for New Trial on Punishment. Alvear's Motion was supported by his affidavit, the affidavit of his

4

appellate counsel, and the affidavit of his trial counsel. Although Alvear raised multiple grounds in his Motion for New Trial, the argument relevant to this appeal is that he received ineffective assistance of counsel at trial. He contended that trial counsel was ineffective for failing to: (1) advise him that it was necessary to present evidence that he had never been convicted of a felony; and (2) present available evidence to the jury that he had never been convicted of a felony. In his Motion, he asserted that but for trial counsel's errors, "the jury would have been shown evidence that Alvear had never been convicted [of] a felony and then could have considered community supervision as punishment."

Alvear requested a hearing on his Motion, asserting that the matters in the Motion and supporting affidavits "raise matters not determinable from the record[.]" The trial court did not conduct a hearing on the Motion for New Trial, and it was overruled by operation of law. Alvear timely appealed, and in one issue, asks whether the trial court abused its discretion by refusing to grant him a hearing on his Motion for New Trial.

## Standard of Review and Applicable Law

We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). A trial court abuses its discretion only if its ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. *See id.* (citation omitted); *Riley v. State*, 378

5

S.W.3d 453, 457 (Tex. Crim. App. 2012), *overruled on other grounds by Miller v. State*, 548 S.W.3d 497, 498 (Tex. Crim. App. 2018). Appellate review "is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief." *Smith*, 286 S.W.3d at 340 (citations omitted).

A movant "is not entitled to a hearing on his motion for new trial unless he establishes the existence of reasonable grounds showing that [he] could be entitled to relief." *Id.* at 339 (internal quotations omitted) (citations omitted); *see also Lucero v. State*, 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) (trial court did not abuse its discretion in denying a hearing on appellant's motion for new trial where the record presented no reasonable grounds to believe that the alleged jury misconduct affected the jury's verdict). Therefore, to be entitled to a hearing on a motion for new trial alleging ineffective assistance of counsel, the movant "must allege sufficient facts from which a trial court reasonably conclude *both* that counsel failed to act as a reasonably competent attorney, *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Smith*, 286 S.W.3d at 340–41 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

A jury may recommend to the judge that a defendant be placed on community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.055(a). To be entitled to community supervision, a defendant must file a sworn motion with the judge that he

has not been previously convicted of a felony, and the jury enters a finding that the finding contained in the defendant's motion is true. *See id.* art. 42A.055(b).

**Analysis**

Here, despite Alvear's contention to the contrary, the record shows that the jury considered community supervision. The trial court instructed the jury that "if you believe from the evidence that the Defendant has never before been convicted of a felony . . . and if you assess the punishment of the Defendant at confinement for a term of not more than 10 years, you may recommend community supervision[.]" On appeal, Alvear focuses on this instruction alone while ignoring the trial court's remaining instructions about community supervision, which took up two pages in the court's charge. Importantly, the trial court further instructed the jury that Alvear had filed an affidavit stating that he had not been convicted of a felony "to be eligible for you to consider placing the Defendant on community supervision." We generally assume that the jury followed the instruction as given, and we will not reverse in the absence of evidence that the jury was actually confused by the charge. *See Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (stating same in context of complaint of punishment charge error). Here, the charge included a place for the jury to sign and fill-in if they recommended community supervision, which they did not fill-in or sign. Additionally, the trial court questioned the jury about not signing that recommendation to ascertain if they did not recommend community supervision, and

7

the jury confirmed they did not recommend it. The jury did not send any notes during deliberations showing they were confused about the charge as it pertained to Alvear's community supervision eligibility. *See id.*

To be entitled to a hearing, Alvear's Motion had to raise grounds that are both (1) undeterminable from the record and (2) reasonable, meaning they could entitle the defendant to relief. *See Smith*, 286 S.W.3d at 340. Alvear fails in the second respect. To be entitled to a hearing on his Motion for New Trial alleging ineffective assistance of counsel, Alvear must allege sufficient facts from which a trial court could reasonably conclude both that (1) counsel failed to act as a reasonably competent attorney, and (2) but for counsel's failure, a reasonable likelihood exists that the trial outcome would have been different. *Id.* at 340–41 (citing *Strickland*, 466 U.S. at 687). Even assuming, without deciding, that counsel failed to act as a reasonably competent attorney, the facts Alvear alleges do not support a reasonable likelihood that but for counsel's failure the trial outcome would have been different. *See id.* at 340. In the context of his Motion for New Trial claiming ineffective assistance, Alvear asserts that but for counsel's deficient performance, the jury could consider community supervision. *See id.* Yet since the record shows that the jury did, in fact, consider community supervision and rejected it, the trial court could have reasonably concluded that Alvear cannot meet the requisite prejudice prong. *See id.* at 340–41 (explaining that to be entitled to a hearing on a motion for new

8

trial based on ineffective assistance, the motion must allege facts but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different); *see also Strickland*, 466 U.S. at 687.

We hold that the trial court did not abuse its discretion in denying Alvear a hearing on his Motion for New Trial on Punishment. Alvear did not establish the existence of reasonable grounds showing that he was entitled to relief. *See Smith*, 286 S.W.3d at 339–40; *see also Riley*, 378 S.W.3d at 457. We overrule his sole issue on appeal.

## Conclusion

Having overruled Alvear's sole issue, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 23, 2025
Opinion Delivered October 1, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.